# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

SYDNEY HYMAN,                                    Index No. _____

                    Plaintiff,                   **SUMMONS**

     -against-                                   **Plaintiff designates New York
                                                 County as the place of trial
ANDREW FABBRI and JESSICA COHEN,                 based upon CPLR §§503(a) and
                                                 509**
                    Defendants.

-------------------------------------------------------------------X


*TO THE ABOVE NAMED DEFENDANTS:*

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, upon Plaintiff's attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York).  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of the venue designated is Plaintiff's choice of venue under CPLR § 503(a) and §509 of the New York Civil Practice Law and Rules, as upon information and belief, the majority of the acts alleged against Defendants in this action took place in New York County.

Dated:  White Plains, New York
        September 6, 2019

                     HARRINGTON, OCKO & MONK, LLP

                     By:_____

                     Kevin J. Harrington
                     Michael W. Freudenberg
                     *Attorneys for Plaintiff*
                     81 Main Street, Suite 215
                     White Plains, New York 10601
                     T. (914) 686-4800
                     F. (914) 686-4824
                     kharrington@homlegal.com
                     mfreudenberg@homlegal.com

TO:   ANDREW FABBRI
      505 Greenwich Street
      Apt. 3B
      New York, NY 10013

      JESSICA COHEN
      505 Greenwich Street
      Apt. 3B
      New York, NY 10013

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

SYDNEY HYMAN,

               Plaintiff,

   -against-

ANDREW FABBRI and JESSICA COHEN,

               Defendants.

-----------------------------------------------------------------------X

Index No. _____

**COMPLAINT**

Plaintiff, SYDNEY HYMAN ("Plaintiff" or "Hyman"), by and through her attorneys, Harrington, Ocko & Monk, LLP, as and for her complaint against Defendants, ANDREW FABBRI ("Fabbri") and JESSICA COHEN ("Cohen") (collectively, "Defendants"), alleges as follows:

## PARTIES

1.      At all relevant times herein, Plaintiff is an individual residing and working at 51 Greene Street, Unit 3, New York, New York 10013 ("3rd Floor Unit").

2.      At all relevant times herein, Defendant Fabbri leased and/or occupied the floor-through loft apartment on the sixth floor of the condominium building located at 51 Greene Street, New York, New York 10013 and it's private enclosed roof deck terrace ("6th Floor Unit"), for a one-year lease from its owner, Brian Bomeisler, for the period that included September 13, 2016 (the "Condominium").

3.      At all relevant times herein, Defendant Cohen leased and/or occupied the "6th Floor Unit" with Defendant Fabbri, for a one-year lease from its owner, Brian Bomeisler, for the period that included September 13, 2016.

FILED: NEW YORK COUNTY CLERK 09/06/2019 03:39 PM
NYSCEF DOC. NO. 2   Case 1:19-cv-10506-AT   Document 1-1   Filed 11/13/19   Page 5 of 22   RECEIVED NYSCEF: 09/06/2019

INDEX NO. 158700/2019

## JURISDICTION AND VENUE

4.     Jurisdiction and venue is proper in the Supreme Court of the State of New York, New York County, pursuant to CPLR §503(a) and §509.

## THE FIRE

5.     On the evening of September 13, 2016 (the "Date of the Fire"), Defendants Fabbri and Cohen, along with their dog, were on the private, fence enclosed, roof deck terrace that was part of the leased "6th Floor Unit" rental property on the Condominium's roof (the "Terrace").

6.     On the Date of the Fire, Defendants entered the Terrace roof deck terrace at approximately 6:17 pm.

7.     Defendant Fabbri thereafter engaged in smoking activity while on the Terrace of the Condominium on the Date of the Fire.

8.     Defendant Cohen also thereafter engaged in smoking activity while on the Terrace of the Condominium on the Date of the Fire.

9.     While engaging in smoking activity on the Terrace, Defendant Fabbri failed to extinguish and failed to fully extinguish the item(s) he was smoking prior to discarding it so as to avoid the risk of fire.

10.     While engaging in smoking activity on the Terrace , Defendant Cohen failed to extinguish and failed to fully extinguish the item(s) she was smoking prior to discarding it so as to avoid the risk of fire.

11.     Defendants Fabbri and Cohen exited the Terrace walking through common property on the roof and then exiting the roof on the Date of the Fire at approximately 6:34 pm.

2

12.     At 7:18 pm, smoke and fire are visible on the Terrace that the Defendants were renting, in the specific area of the Terrace where the Defendants Fabbri and Cohen had been engaging in smoking activity.

13.     The FDNY responded to the fire on the roof deck of the Condominium at 7:46 pm, by which time the fire had substantially grown, engulfing the Terrace, and spreading to the rest of the roof and adjoining properties.

14.     Due to fire, smoke, and water damage necessary to extinguish the fire, and due to the necessary work of the FDNY, significant damage was caused to Plaintiff's 3rd Floor Unit which includes her loft on the building's 3rd floor, her private roof property, and her private basement property, and in addition, significant damage was also caused to Plaintiff's personal and work items at 51 Greene Street.

15.     After the fire was extinguished, the cause of the fire was investigated by the FDNY, where investigators Robert Cataletto and Vincent Polanco came to a determination that the fire originated on the roof deck of the Condominium due to "careless discard of smoking materials."

16.     As a direct result of Defendant Fabbri and Cohen's careless disregard of smoking materials on the evening of September 13, 2016, while on the Terrace, the fire occurred, resulting in significant damages to Plaintiff that continue to the present day and that will continue for an unknown period of time in the future.

17.     Defendants Fabbri and Cohen had a duty to take precautions to prevent damage to the Condominium, and its unit owners, including Plaintiff's real, personal and work property, and to generally act and behave in a reasonably prudent manner, exercising reasonable care.

3

18.    On the evening of September 13, 2016, Defendants Fabbri and Cohen breached their duty to Plaintiff by their careless discard of smoking materials on the Terrace, which directly resulted in the fire causing Plaintiff's damages.

19.    As a result of the aforesaid, Plaintiff suffered significant damages to her third floor condominium unit, her roof property, her basement property, her personal property, her work property, her two businesses: ArtReinvented Studio and TomorrowToday, her personal life, her lifestyle, her health and her well-being, and these damages are continuing with no end in sight.

20.    A temporary roof was on the fire and water damaged 51 Greene Street building on July 17, 2018, it rained and a huge amount of water traveled through the building further damaging the Plaintiff's 3rd Floor Unit, her personal property and her work property.

21.    Prior to the fire on September 13, 2016, Plaintiff utilized her 3rd Floor Unit as both her residence and her workplace as an artist and entrepreneur, thus Plaintiff's 3rd Floor Unit was the location of her two businesses: ArtReinvented Studio and TomorrowToday.

22.    As a result of the aforesaid fire, Plaintiff was forced to seek both alternative living and alternative work arrangements at a significant cost, both financially and as a major disruption of her personal and professional life over an extended period through and including the present day, and continuing for an unknown period into the future.  Plaintiff has been forced to expend enormous resources of time and effort first to make emergency alternate living arrangements and thereafter a series of temporary, inadequate accommodations.  Furthermore, none of Plaintiff's alternative living and work spaces since the 2016 fire have given her the standard of living and working she had in her home and workplace at 51 Greene Street for about 31 years up until the fire, and now almost three years after the 2016 fire, Plaintiff is still

4

living and working below this standard she had for about 31 years because she is still unable to return to reside and work in the her home and workplace at 51 Greene Street. As a result of the aforesaid fire, Plaintiff was forced to spend a significant portion of her time attempting to rectify the fire, smoke and water damage caused to her 3rd Floor Unit, as well as her personal and work items therein, working to salvage, recover, restore, replace, pack, move and store her damaged and destroyed property, and the Plaintiff is still forced to continue this work for an unknown period of time going forward.

23.     As a result of the aforesaid fire, Plaintiff has been forced to spend a significant portion of her time and her own funds managing and resolving problems and emergencies continually arising because of the fire of September 2016, including an Arbitration with the remediation company, a lawsuit against the Condominium Association's insurer, and the services of a professional therapist, and because such problems and emergencies continue to arise, the Plaintiff continues to have to do this work and pay the costs.

24.     The damage caused to Plaintiff was directly and proximately caused by the carelessness, negligence, acts and omissions of Defendants Fabbri and Cohen.

25.     As a result of the aforesaid, Plaintiff has suffered significant damages in an amount to be determined at trial but in excess of $17,000,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION
### "Negligence"

26.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

27.     The aforesaid fire referred to herein, and the consequential damages to Plaintiff's 3rd Floor Unit, personal property and work property were proximately caused by the

negligence, negligence *per se*, gross negligence, carelessness, and negligent omissions of

Defendants Fabbri and Cohen in:

(a)    failing to properly safeguard from the risk of fire due to careless smoking;

(b)    failing to recognize an open and obvious hazard presented by the careless use and improper disposal of cigarettes, cigars or other smoking paraphernalia and combustible material that was present directly before the ignition of the fire;

(c)    failing to properly discard and ensure all burning materials, including cigarettes, cigars or other smoking paraphernalia or combustible material were properly and fully extinguished;

(d)    failing to recognize and prevent the dangers associated with the burning of unattended cigarettes, cigars, other smoking paraphernalia or combustible material while on the rooftop deck and, in particular, failure to ensure that the smoking was fully extinguished before leaving the roof deck terrace;

(e)    failing to conduct a proper inspection prior to and at the time of discarding all burning materials, including cigarettes, cigars, other smoking paraphernalia or combustible material to detect dangers associated with the unsafe use and unsafe discarding of same which Defendants Fabbri and Cohen knew or should have known, created an unreasonable risk of fire, and failure to confirm that said smoking material was fully extinguished;

(f)    permitting and allowing a dangerous situation to exist by the use and discard of smoking materials near combustibles in the aforementioned premises;

(g)    failing to take into account potential dangerous conditions and risk associated when smoking materials were improperly discarded on the roof deck terrace;

(h)    failing to take all necessary precautions to preserve and protect the Condominium and the unit owners' properties, including but not limited to, Plaintiff's real and personal property and her work property; and

(i)    in otherwise failing to use due care and proper skill as required under the circumstances set forth herein.

28.    By reason of the facts set forth herein, and as a direct and proximate result of the

aforesaid negligence, common negligence *per se*, carelessness, recklessness, gross negligence

and negligent acts and omissions of Defendants Fabbri and Cohen that placed the general

public (including Plaintiff) in imminent harm, the fire referred to in this Complaint resulted in

6

the destruction to Plaintiff's 3rd Floor Unit, personal property and work property set forth therein.

29.     As a result of the aforesaid, Plaintiff has been forced to seek alternative living and working arrangements from the date of the fire to the present, which has been an enormous burden, taking a significant amount of the Plaintiff's time, energy and financial resources, and due to the Plaintiff's limited financial resources, none of these alternative living or work spaces have provided her with the standard of living and working she had at 51 Greene Street for about 31 years before the fire, furthermore, now almost three years after the 2016 fire, Plaintiff is still unable to return to reside or to work in at 51 Greene Street.

30.     The damage caused to Plaintiff was directly and proximately caused by the carelessness, negligence, acts and omissions of Defendants Fabbri and Cohen.

31.     As a result of the aforesaid, Plaintiff was forced to dedicate a significant amount of time and effort attempting to rectify the water, smoke and water damage while working to salvage, recover, restore, replace, pack, move and store her damaged and destroyed property, however due to the disrepair and damage in the common areas of the 51 Greene Street building including the building's roof where the fire originated, the Plaintiff's ability to proceed with most of this work has been severely limited to date.

32.     As a result of the aforesaid, Plaintiff has had to incur significant liability to Public Adjusters for work handling losses Plaintiff incurred after the fire in an amount to be proven at trial.

33.     As a result of the aforesaid, Plaintiff has had to pay significant funds to the Condominium Association for repairs to the common areas of the building in an amount to be determined at trial, but believed to be in excess of $113,327.50.

7

34.    As a result of the aforesaid, Plaintiff has had to pay significant funds to attorneys to achieve the settlement with her homeowner's insurance company signed in November 2017, and Plaintiff has also had to pay significant funds to attorneys to resolve an Arbitration brought against her by the remediation company in a total amount to be determined at trial.

35.    As a result of the aforesaid, Plaintiff has had to pay and incur significant fees and disbursements to the attorneys for the Condominium Association in an amount to be determined at trial.

36.    As a result of the aforesaid, Plaintiff has had significant work losses, some of which are irretrievable for both of her businesses that were located at 51 Greene Street before the fire, the Plaintiff's ArtReinvented Studio and TomorrowToday, in an amount to be determined at trial.

*37.*    As a result of the aforesaid, Plaintiff is expecting to have to pay significant additional funds in an amount not yet known in order to restore her personal and professional life, notably including the next assessment or assessments from the Fifty One Greene Street Condominium Association for fire repairs of the building's common property, expenses the Plaintiff has to continue to pay for alternate living and working space and other costs to restore her property at 51 Greene Street.

38.    As a result of the aforesaid, Plaintiff has incurred serious medical injuries which include but are not limited to: Post Traumatic Stress Disorder, emotional distress, anxiety, stress, grief, depression, continually waking up through the night and loss of sleep; as well as physical injuries from all of these, which have all taken and will continue to take a serious toll

8

on the Plaintiff's health, her well-being and her ability to function that has effected and continues to affect her personal and professional life, in an amount to be determined at trial.

### JURY TRIAL DEMANDED

39.     Plaintiff hereby demands a trial by jury of all issues so triable.

WHEREFORE, Plaintiff demands, and is entitled to a judgment against Defendants as follows:

A.      On the First Cause of Action, judgment in favor of Plaintiff and against Defendants in an amount to be proven at trial but in excess of $17,000,000.00, plus attorneys' fees, interest and costs.

Dated:  White Plains, New York
        September 6, 2019

                                        HARRINGTON, OCKO & MONK, LLP

                                        By:_____
                                           Kevin J. Harrington
                                           Michael W. Freudenberg
                                           *Attorneys for Plaintiff*
                                           81 Main Street, Suite 215
                                           White Plains, New York 10601
                                           T. (914) 686-4800
                                           F. (914) 686-4824
                                           kharrington@homlegal.com
                                           mfreudenberg@homlegal.com

TO:     ANDREW FABBRI
        505 Greenwich Street
        Apt. 3B
        New York, NY 10013

        JESSICA COHEN
        505 Greenwich Street
        Apt. 3B
        New York, NY 10013

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
SYDNEY HYMAN,                                           Index No. 158700/2019

                Plaintiff,                    **AMENDED COMPLAINT**

   -against-

ANDREW FABBRI and JESSICA COHEN a/k/a
JESSICA FABBRI,

                Defendants.

-------------------------------------------------------------------------X

     Plaintiff, SYDNEY HYMAN ("Plaintiff" or "Hyman"), by and through her attorneys,

Harrington, Ocko & Monk, LLP, as and for her complaint against Defendants, ANDREW

FABBRI ("Fabbri") and JESSICA COHEN a/k/a JESSICA FABBRI ("Cohen") (collectively,

"Defendants"), alleges as follows:

<u>**PARTIES**</u>

    1.    At all relevant times herein, Plaintiff is an individual residing and working at 51

Greene Street, Unit 3, New York, New York 10013 ("3rd Floor Unit").

    2.    At all relevant times herein, Defendant Fabbri leased and/or occupied the floor-

through loft apartment on the sixth floor of the condominium building located at 51 Greene

Street, New York, New York 10013 and it's private enclosed roof deck terrace ("6th Floor

Unit"), for a one-year lease from its owner, Brian Bomeisler, for the period that included

September 13, 2016 (the "Condominium").

    3.    At all relevant times herein, Defendant Cohen leased and/or occupied the "6th

Floor Unit" with Defendant Fabbri, for a one-year lease from its owner, Brian Bomeisler, for

the period that included September 13, 2016.

## JURISDICTION AND VENUE

4.    Jurisdiction and venue is proper in the Supreme Court of the State of New York, New York County, pursuant to CPLR §503(a) and §509.

## THE FIRE

5.    On the evening of September 13, 2016 (the "Date of the Fire"), Defendants Fabbri and Cohen, along with their dog, were on the private, fence enclosed, roof deck terrace that was part of the leased "6th Floor Unit" rental property on the Condominium's roof (the "Terrace").

6.    On the Date of the Fire, Defendants entered the Terrace roof deck terrace at approximately 6:17 pm.

7.    Defendant Fabbri thereafter engaged in smoking activity while on the Terrace of the Condominium on the Date of the Fire.

8.    Defendant Cohen also thereafter engaged in smoking activity while on the Terrace of the Condominium on the Date of the Fire.

9.    While engaging in smoking activity on the Terrace, Defendant Fabbri failed to extinguish and failed to fully extinguish the item(s) he was smoking prior to discarding it so as to avoid the risk of fire.

10.    While engaging in smoking activity on the Terrace, Defendant Cohen failed to extinguish and failed to fully extinguish the item(s) she was smoking prior to discarding it so as to avoid the risk of fire.

11.    Defendants Fabbri and Cohen exited the Terrace walking through common property on the roof and then exiting the roof on the Date of the Fire at approximately 6:34 pm.

2

12.     At 7:18 pm, smoke and fire are visible on the Terrace that the Defendants were renting, in the specific area of the Terrace where the Defendants Fabbri and Cohen had been engaging in smoking activity.

13.     The FDNY responded to the fire on the roof deck of the Condominium at 7:46 pm, by which time the fire had substantially grown, engulfing the Terrace, and spreading to the rest of the roof and adjoining properties.

14.     Due to fire, smoke, and water damage necessary to extinguish the fire, and due to the necessary work of the FDNY, significant damage was caused to Plaintiff's 3rd Floor Unit which includes her loft on the building's 3rd floor, her private roof property, and her private basement property, and in addition, significant damage was also caused to Plaintiff's personal and work items at 51 Greene Street.

15.     After the fire was extinguished, the cause of the fire was investigated by the FDNY, where investigators Robert Cataletto and Vincent Polanco came to a determination that the fire originated on the roof deck of the Condominium due to "careless discard of smoking materials."

16.     As a direct result of Defendant Fabbri and Cohen's careless disregard of smoking materials on the evening of September 13, 2016, while on the Terrace, the fire occurred, resulting in significant damages to Plaintiff that continue to the present day and that will continue for an unknown period of time in the future.

17.     Defendants Fabbri and Cohen had a duty to take precautions to prevent damage to the Condominium, and its unit owners, including Plaintiff's real, personal and work property, and to generally act and behave in a reasonably prudent manner, exercising reasonable care.

3

18.     On the evening of September 13, 2016, Defendants Fabbri and Cohen breached their duty to Plaintiff by their careless discard of smoking materials on the Terrace, which directly resulted in the fire causing Plaintiff's damages.

19.     As a result of the aforesaid, Plaintiff suffered significant damages to her third floor condominium unit, her roof property, her basement property, her personal property, her work property, her two businesses: ArtReinvented Studio and TomorrowToday, her personal life, her lifestyle, her health and her well-being, and these damages are continuing with no end in sight.

20.     A temporary roof was on the fire and water damaged 51 Greene Street building on July 17, 2018, it rained and a huge amount of water traveled through the building further damaging the Plaintiff's 3rd Floor Unit, her personal property and her work property.

21.     Prior to the fire on September 13, 2016, Plaintiff utilized her 3rd Floor Unit as both her residence and her workplace as an artist and entrepreneur, thus Plaintiff's 3rd Floor Unit was the location of her two businesses: ArtReinvented Studio and TomorrowToday.

22.     As a result of the aforesaid fire, Plaintiff was forced to seek both alternative living and alternative work arrangements at a significant cost, both financially and as a major disruption of her personal and professional life over an extended period through and including the present day, and continuing for an unknown period into the future.  Plaintiff has been forced to expend enormous resources of time and effort first to make and move into emergency alternate living arrangements and thereafter to find, to arrange and to move in and out of a series of temporary, inadequate accommodations.  Furthermore, none of Plaintiff's alternative living and work spaces since the 2016 fire have given her the standard of living and working she had in her home and workplace at 51 Greene Street for about 31 years up until the fire, and

4

now almost three years after the 2016 fire, Plaintiff is still living and working below this standard she had for about 31 years because she is still unable to return to reside and/or work in the her home and workplace at 51 Greene Street, moreover the date when she will be able to return to living and working in her loft at 51 Greene Street is not known. As a result of the aforesaid fire, Plaintiff was forced to spend a significant portion of her time attempting to rectify the damage caused to her 3rd Floor Unit, as well as her personal and work items therein, working to salvage, dry, clean, recover, restore, replace, pack, move and store her damaged and destroyed property, and the Plaintiff is still forced to continue this work for an unknown period of time going forward.

23.     As a result of the aforesaid fire, Plaintiff has been forced to spend a significant portion of her time, her energy and her own funds managing and resolving problems and emergencies continually arising because of the fire of September 2016, including an Arbitration with the remediation company, a lawsuit against the Condominium Association's insurer, other insurance problems, the services of a professional therapist, problems with doors and locks, and mail and delivery problems, and because such problems and emergencies continue to arise frequently, the Plaintiff continues to have to do this work and pay the costs.

24.     The damage caused to Plaintiff was directly and proximately caused by the carelessness, negligence, acts and omissions of Defendants Fabbri and Cohen.

25.     As a result of the aforesaid, Plaintiff has suffered significant damages in an amount to be determined at trial but in excess of $17,000,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION
### "Negligence"

26.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

5

27. The aforesaid fire referred to herein, and the consequential damages to Plaintiff's 3rd Floor Unit, personal property and work property were proximately caused by the negligence, negligence *per se*, gross negligence, carelessness, and negligent omissions of Defendants Fabbri and Cohen in:

(a) failing to properly safeguard from the risk of fire due to careless smoking;

(b) failing to recognize an open and obvious hazard presented by the careless use and improper disposal of cigarettes, cigars or other smoking paraphernalia and combustible material that was present directly before the ignition of the fire;

(c) failing to properly discard and ensure all burning materials, including cigarettes, cigars or other smoking paraphernalia or combustible material were properly and fully extinguished;

(d) failing to recognize and prevent the dangers associated with the burning of unattended cigarettes, cigars, other smoking paraphernalia or combustible material while on the rooftop deck and, in particular, failure to ensure that the smoking was fully extinguished before leaving the roof deck terrace;

(e) failing to conduct a proper inspection prior to and at the time of discarding all burning materials, including cigarettes, cigars, other smoking paraphernalia or combustible material to detect dangers associated with the unsafe use and unsafe discarding of same which Defendants Fabbri and Cohen knew or should have known, created an unreasonable risk of fire, and failure to confirm that said smoking material was fully extinguished;

(f) permitting and allowing a dangerous situation to exist by the use and discard of smoking materials near combustibles in the aforementioned premises;

(g) failing to take into account potential dangerous conditions and risk associated when smoking materials were improperly discarded on the roof deck terrace;

(h) failing to take all necessary precautions to preserve and protect the Condominium and the unit owners' properties, including but not limited to, Plaintiff's real and personal property and her work property; and

(i) in otherwise failing to use due care and proper skill as required under the circumstances set forth herein.

28. By reason of the facts set forth herein, and as a direct and proximate result of the aforesaid negligence, common negligence *per se*, carelessness, recklessness, gross negligence

6

and negligent acts and omissions of Defendants Fabbri and Cohen that placed the general public (including Plaintiff) in imminent harm, the fire referred to in this Complaint resulted in the destruction to Plaintiff's 3rd Floor Unit, personal property and work property set forth therein.

29.     As a result of the aforesaid, Plaintiff has been forced to seek alternative living and working arrangements from the date of the fire to the present, which has been an enormous burden, taking a significant amount of the Plaintiff's time, energy and financial resources, and due to the Plaintiff's limited financial resources, none of these alternative living or work spaces have provided her with the standard of living and working she had at 51 Greene Street for about 31 years before the fire, furthermore, now almost three years after the 2016 fire, Plaintiff is still unable to return to reside or to work in at 51 Greene Street and the date when she will be able to return to reside or to work in at 51 Greene Street is still not known.

30.     The damage caused to Plaintiff was directly and proximately caused by the carelessness, negligence, acts and omissions of Defendants Fabbri and Cohen.

31.     As a result of the aforesaid, Plaintiff was forced to dedicate a significant amount of time and effort attempting to rectify the damage while working to salvage, recover, restore, replace, pack, move and store her damaged and destroyed property,  however due to the disrepair and damage in the common areas of the 51 Greene Street building including the building's roof where the fire originated, the Plaintiff's ability to proceed with most of this work has been severely limited to date, as no residential loft renovations have been able to start since the fire in September 2016 due to the disrepair and damage still present in the common areas of the building and today almost three years after the fire the date upon which residential loft renovations will be able to begin at 51 Greene Street is still unknown.

7

32.     As a result of the aforesaid, Plaintiff has had to incur significant liability to Public Adjusters for work handling losses Plaintiff incurred after the fire in an amount to be proven at trial.

33.     As a result of the aforesaid, Plaintiff has had to pay significant funds to the Condominium Association for repairs to the common areas of the building in an amount to be determined at trial, but believed to be in excess of $113,327.50.

34.     As a result of the aforesaid, Plaintiff has had to pay significant funds to attorneys to achieve the settlement with her homeowner's insurance company signed in November 2017, and Plaintiff has also had to pay significant funds to attorneys to resolve an Arbitration brought against her by the remediation company in a total amount to be determined at trial.

35.     As a result of the aforesaid, Plaintiff has had to pay and incur significant fees and disbursements to the attorneys for the Condominium Association in an amount to be determined at trial.

36.     As a result of the aforesaid, Plaintiff has had significant work losses, some of which are irretrievable for both of her businesses that were located at 51 Greene Street before the fire, the Plaintiff's ArtReinvented Studio and TomorrowToday, in an amount to be determined at trial.

37.     As a result of the aforesaid, Plaintiff is expecting to have to pay significant additional funds in an amount not yet known in order to restore her personal and professional life, notably including the next assessment or assessments from the Fifty One Greene Street Condominium Association for fire repairs of the building's common property, expenses the

8

Plaintiff has to continue to pay for alternate living and working space and other costs to restore her property at 51 Greene Street.

38.    As a result of the aforesaid, Plaintiff has incurred serious medical injuries which include but are not limited to: Post Traumatic Stress Disorder, emotional distress, anxiety, stress, grief, depression, continually waking up through the night and loss of sleep; physical injuries from all of these, serious back injuries requiring physical therapy, as well as other actual and/or latent physical injuries resulting from exposure to: the fire debris; water that traveled through the building; damaged property that has remained unrepaired and without any cleaning or proper ventilation for years since the day the fire occurred to the present day; and other consequences of the fire, including the Plaintiff's repeated and even regular exposure to pathogens, mold, carcinogens, asbestos, and other harmful materials over the course of years since the fire in her 3rd Floor Unit, in the halls and stairways and in the basement, with her injuries including respiratory and skin problems, and an increased risk of developing cancer and/or other serious medical problems and diseases some of which are debilitating and/or life threatening, whereupon these medical consequences of the fire have taken and will continue to take a serious toll on the Plaintiff's health, her well-being and her ability to function that has effected and continues to affect her personal and professional life, in an amount to be determined at trial.

## **JURY TRIAL DEMANDED**

39.    Plaintiff hereby demands a trial by jury of all issues so triable.

WHEREFORE, Plaintiff demands, and is entitled to a judgment against Defendants as follows:

A.    On the First Cause of Action, judgment in favor of Plaintiff and against

Defendants in an amount to be proven at trial but in excess of $17,000,000.00, plus attorneys' fees, interest and costs.

Dated: White Plains, New York
September 12, 2019

HARRINGTON, OCKO & MONK, LLP

By:_____

Kevin J. Harrington
Michael W. Freudenberg
*Attorneys for Plaintiff*
81 Main Street, Suite 215
White Plains, New York 10601
T. (914) 686-4800
F. (914) 686-4824
kharrington@homlegal.com
mfreudenberg@homlegal.com

TO:  ANDREW FABBRI
505 Greenwich Street
Apt. 3B
New York, NY 10013

JESSICA COHEN
505 Greenwich Street
Apt. 3B
New York, NY 10013

10