# Kasell Law Firm

December 23, 2019

Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Coutroom 15D
New York, NY 10007-1312

Re: Response to Plaintiff's Request for Leave to File a Default
Motion against the Defendants in Hyman v. Fabbri et al., No. 19 Civ.
10506

I represent the two defendants in this case, Andrew Fabbri and Jessica Fabbri (née Cohen) in the above-captioned case. I write in response to Plaintiff's request for leave to file a default motion against Defendants (Dkt. #6). Defendants respectfully oppose this request as a motion for default would be futile for two reasons.
First, Plaintiff has wholly ignored the Federal Rules of Civil Procedure, which have prescribed procedural steps for entering a default judgment. See Fed. R. Civ. P. 55. The procedure "following a defendant's failure to plead or defend as required by the Rules begin[s] with the entry of default by the clerk upon a plaintiffs request." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) (per curiam). Defendants have not failed to defend but rather are in the process of attempting to negotiate a proposed scheduling order on Defendant's anticipated motion to dismiss in light of the Initial Conference scheduled for January 21, 2020 at at 10:40 a.m. (Dkt. #5).

As the Court may recall from the related case filed a few years ago by an insurance company against these same defendants (and related to the same underlying incident that involves unproven allegations of negligently starting a fire), the Initial Conference was productive in avoiding motion practice as plaintiff in that case agreed to file a Second Amended Complaint in Phoenix Insurance Company v. Fabbri, No. 17 Civ. 08749. Indeed, in that case, Defense Counsel withdrew the request for the motion to dismiss after the Initial Conference, which the salutary result of avoiding expediture of the Court's limited resources.

In this case, not only has Plaintiff completely ignored Rule 55 and failed to request an entry of default from the clerk, but any such request would be frivolous and surely rejected by the clerk as Defendants have appeared and are in the process of

# Kasell Law Firm

responding to the Complaint either with a motion to dismiss or an answer and hope to discuss the filing of such a motion at the Initial Conference.

Second, and independently, Plaintiff has failed to produce evidence that this Court has personal jurisdiction over Defendants. Rather, Plaintiff's counsel has merely made unsupported statements of fact to counsel and now this Court when arguing that Defendants were properly served. But facts asserted by a lawyer are "not evidence at all" whether it be in a memorandum of law or, as in the case, emails to the undersigned counsel or a phone call with the Court's clerk. See, e.g., Giannullo v. City of N.Y., 322 F.3d 139, 142 (2d Cir. 2003) (stating that a memorandum of law "is not evidence at all"); Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."); Griffin v. Sheeran, 767 F. App'x 129, 133 (2d Cir. 2019) (quoting Kulhawik).

Indeed, the affidavits of service filed in state court are deficient on their face. The affidavit does not state that the server delivered the papers to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode (residence) or that the server mailed the papers by first class mail to the last known residence or mailing them to his or her actual place of business. See Fed. R. Civ. P. 4; see also CPLR § 308. Under such circumstances, any motion to default would be futile as Plaintiff has failed to meet his burden to prove that this Court has personal jurisdiction over Defendants, an issue that Defendants expect to raise with a motion to dismiss pursuant to Rule 12(b)(2).

For these reasons, Defendants respectfully oppose Plaintiff's request to file a motion for default as any such motion would be futile.

> Respectfully submitted,
> /s/ David Kasell
> Kasell Law Firm
> 1038 Jackson Ave. #4
> Long Island City, NY 11101
> (718) 404-6668