

81 Main Street, S[  
Tel:

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/26/2019
```

December 17, 2019

**Via ECF**
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15D
New York, NY 10007

      Re:    Sydney Hyman v. Andrew Fabbri and Jessica Cohen
               a/k/a Jessica Fabbri
               Case No. 19-cv-10506 (AT)

Dear Judge Torres:

      Our firm represents Plaintiff Sydney Hyman ("Plaintiff" or "Hyman"). Pursuant to Section III(A) of Your Honor's Individual Practices in Civil Cases, we are writing to Your Honor seeking permission to file a default motion against the Defendants in this matter, as well as certain alternative relief.

      On or about November 14, 2019, this office received an email from Your Honor's Law Clerk, Jeffrey Then, Esq., advising that the Court received a Notice of Removal in this matter; and that Your Honor would like to know if the Plaintiff was contesting removal. The undersigned reached out to counsel for Defendants, David Kasell, Esq. and requested information on when the Defendants allege receipt of the Summons, Complaint, and Amended Complaint. Defendants' counsel was advised that Defendants were properly served at their home located at 53 Oxford Landing, Weehawken, New Jersey on October 10, 2019 by nail and mail service after three prior service attempts on October 4, 2019 (when Defendant Fabbri slammed the door in the process server's face); on October 5, 2019 (after there was a refusal to open the door), and October 18, 2019 after the front desk security in the condominium who had previously confirmed that Defendants Fabbri and Cohen did in fact reside at 53 Oxford Landing), advised that the residents of Unit 53 were no longer allowing access to the Unit henceforth. Mailing of the Summons and Complaint on both Defendants through first class mail followed on October 11, 2019.

      In addition, Defendant Fabbri has been served at his office (Jump 450 Media) located at 300 Vasey Street, 12th Floor, New York, New York 10282. Mr. Fabbri is the co-founder and serves as the Chief Operating Officer of Jump 450 Media. After attempts on four separate dates and times on December 10, December 11, December 12, and December 13, 2019, Mr. Fabbri refused to allow the process server to deliver the papers to his office on the 12th floor, or to be added to the visitor list so that front desk security could allow the process server access to the elevator bank to Jump 450 Media's office.

Hon. Analisa Torres					December 17, 2019					Page 2

It is blatantly clear that the Defendants are attempting to obstruct and avoid service of process in this matter. As Defendants are clearly in receipt of the Summons, Complaint, and Amended Complaint in this action, and have retained Mr. David Kasell, Esq. as their counsel in this matter to defend them and remove the case to S.D.N.Y., Plaintiff respectfully requests permission to file a motion for a default judgment against both Defendants. Requests have been made to Defendants' counsel, David Kasell, Esq. to enter into stipulation to extend the time for Defendants to respond to the Summons and Amended Complaint on the condition that the Defendants acknowledge proper service of the Summons and Amended Complaint. By e-mail on December 6, 2019 at 1:08 p.m., Mr. Kasell advised as follows: "Unfortunately, my client is not willing to waive or acknowledge service. If you and your client feel that you need to make a motion, please do so."

While Plaintiff is confident that service was proper on both Defendants and a motion for default should be granted, In the alternative, Plaintiff respectfully requests that the Court grant permission to further service of the Summons, Complaint, and Amended Complaint by alternative additional means such as by overnight mail on Defendants' attorney, David Kasell, Esq., and on Defendants at their home residence. Plaintiff also welcomes alternative methods of service acceptable to the Court (such as by e-mail) if needed, in order to further insure that proper and sufficient service has been made. Clearly, Defendants have already been properly served; and Defendants and their counsel of choosing have successfully removed the case.

Due to the fact that the Summons and Complaint was filed in Supreme Court, New York County on September 6, 2019, Plaintiff respectfully requests to file this application by Order to Show Cause due to the time constraints caused by Defendants' obstructive tactics and unwillingness to acknowledge that they have been properly served with the Summons, Complaint, and Amended Complaint in this matter so that this matter can be litigated on the merits. We look forward to scheduling a conference call with counsel for all parties, and the parties themselves if the Court deems appropriate, as soon as possible.

Sincerely yours,

*Kevin J. Harrington*
Kevin J. Harrington

KJH:sbt

cc:   David Kasell, Esq. on behalf of the Defendants

---

DENIED without prejudice to renewal. Plaintiff may refile his motion after obtaining a Certificate of Default from the Clerk of Court. Plaintiff may also request leave to serve Defendants by alternative service. Such a request should include caselaw supporting why doing so in this case would be proper.

Dated: December 26, 2019
New York, New York

ANALISA TORRES
United States District Judge