UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
SYDNEY HYMAN,

                          Plaintiff,

        v.

ANDREW FABBRI and JESSICA COHEN a/k/a
JESSICA FABBRI,

                         Defendants.
———————————————————————X

Case No. 19-cv-10506 (AT)

**PLAINTIFF SYDNEY HYMAN'S MEMORANDUM OF LAW
IN SUPPORT OF HER ORDER TO SHOW CAUSE
SEEKING A DEFAULT JUDGMENT AGAINST
DEFENDANTS ANDREW FABBRI AND JESSICA COHEN
A/K/A JESSICA FABBRI, THE SCHEDULING OF
AN INQUEST ON DAMAGES,
AND ALTERNATIVE RELIEF**

Harrington, Ocko & Monk, LLP
81 Main Street
White Plains, New York 10601
*Attorneys for Plaintiff*
*SYDNEY HYMAN*

SYDNEY HYMAN ("Plaintiff" or "Hyman") respectfully submits this Memorandum of Law in support of her within application brought by order to show cause seeking an Order: a) directing that a default judgment as to liability be entered against Defendants Andrew Fabbri and Jessica Cohen (a/k/a Jessica Fabbri) pursuant to Federal Rules of Civil Procedure ("FRCP") 55; Local Civil Rule 55.1, and Rule 16.1 of the Electronic Case Filing Rules & Instructions; b) directing an inquest hearing on damages; c) In the alternative, extending Plaintiff's time to serve the Summons and Amended Complaint in this action by 60 days, and authorizing Plaintiff to effect service of the Summons and Amended Complaint on Defendants Andrew Fabbri and Jessica Cohen (a/k/a Jessica Fabbri) by certified mail to their last known address at 53 Oxford Landing, Weehawken, New Jersey 07086, (and if the certified mail is not accepted by Defendants), by first class mail, and to their attorney of record in this action by ECF; d) such additional and further relief as the Court deems just and proper.

## **PRELIMINARY STATEMENT**

Plaintiff Sydney Hyman respectfully submits this memorandum of law in support of her motion pursuant to Rule 55; Local Civil Rule 55.1, and Rule 16.1 of the Electronic Case Filing Rules & Instructions for an Order granting and entering a Default Judgment against Defendants, Andrew Fabbri ("Fabbri") and Jessica Cohen (a/k/a Jessica Fabbri) ("Cohen") (collectively Defendant Fabbri and Defendant Cohen are referred to herein as "Defendants"),  jointly and severally, in an amount to be determined at an inquest, plus applicable interest and costs through and including the date of entry of the Default Judgment, plus post-Default Judgment interest at 9% per annum (the "Motion"), by reason of the Defendants' failure to plead or otherwise defend the Action herein.

Alternatively, Plaintiff seeks an Order extending Plaintiff's time to serve the Summons and Amended Complaint in this action by 60 days, and authorizing Plaintiff to effect service of the Summons and Amended Complaint on Defendants Andrew Fabbri and Jessica Cohen (a/k/a Jessica Fabbri) by certified mail to their last known address at 53 Oxford Landing, Weehawken, New Jersey 07086, (and if the certified mail is not accepted by Defendants), by first class mail, and to their attorney of record in this action (David Kasssel, Esq.) by ECF.

The accompanying Declaration of Sydney Hyman in support of the within order to show cause dated January 3, 2020 (the "*Hyman Declaration*"), sets forth in detail the complete factual background of the allegations in this lawsuit, as well as the significant damages Plaintiff has and continues to sustain both personally and professionally as a result of the destruction of her residential and work loft located on the entire third floor of 51 Greene Street, Condominium Unit 3, New York, New York 10013 ("3rd Floor Unit"). The accompanying Declaration of Michael W. Freudenberg in support of the within order to show cause dated January 3, 2020 (the "*Freudenberg Declaration*"), sets forth in detail the complete procedural history of the case, as well as the extensive efforts to effectuate service on Defendants, as evident from the documents annexed thereto.

Defendants have clearly elected to embark on a path of gamesmanship to attempt to avoid service, all the while having their counsel remove the case to this Court from the Supreme Court of the State of New York, County of New York. Plaintiff has sustained significant damages to be proven at an inquest hearing but believed to be in excess of $17,000,000 when her 3rd Floor Unit was destroyed by the reckless and negligent acts of the Defendants on September 13, 2016. This is clear case of Defendants' careless, recklessness, and negligence resulting in extraordinary damages to Plaintiff, and thankful not the death of Plaintiff or other residents in the Condominium.

See *Amica Mutual Insurance Company v. Gragas*, 2011 WL 5358503 (N.Y. County 2011)(partial summary judgment awarded to Plaintiff due to Defendant's careless disposal of smoking materials near the fire source).  See also,  *Oquendo v. Rosgro Realty Corp.,* 117 A.D.2d 528, 498 N.Y.S.2d 528 (1st Dept. 1986); *State Farm Ins. Co. v. Amana Refrigeration, Inc.,* 266 A.D.2d 372, 698 N.Y.S.2d 300 (2d Dept. 1999); *Parks v. Greenberg,* 161 A.D.2d 467, 55 N.Y.S.2d 376 (1st Dept. 1990).

## ARGUMENT

A. <u>A Default Judgment Should be Entered Jointly and Severally Against the Defendants, and an Inquest on Damages Scheduled</u>

Rule 55, applicable to default judgments, provides as follows:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

  (A) conduct an accounting;
  (B) determine the amount of damages;
  (C) establish the truth of any allegation by evidence; or
  (D) investigate any other matter.

First, under Rule 55(a), when a party fails to "plead or otherwise defend ... the clerk must enter the party's default." Rule 55(a).   Here, this was done by the Clerk of the Court on January 2, 2020 (Document # 22).   Second, pursuant to Rule 55(b) (2), the party seeking default judgment is required to present its application for entry of judgment to the court. Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment. See Rule 55(b)(2). In the instant case, it is respectfully submitted that Plaintiff has satisfied the above threshold requirements of Rule 55(a) & 55(b) with regard to both Defendants. These order to show cause is being served upon Defendants' counsel that ajhs appeared in this case (David Kassel, Esq.) by electronic filing, and any additional means required by Your Honor.

Plaintiff must establish the damages that it believes it should receive " 'in an evidentiary proceeding in which the defendant has the opportunity to contest the amount.' " *Century 21 Real Estate LLC v. Paramount Home Sales, Inc.*, No. 06 CV 2861, 2007 WL 2403397, at 3 (E.D.N.Y. Aug. 20, 2007) (quoting Greyhound Exhibit Group, Inc., 973 F.2d at 158).   Rule 55 "'leaves the decision of whether a hearing is necessary to the discretion of the district court.' " Id. (quoting *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); accord Fed.R.Civ.P. 55(b)(2).

As evident from the *Freudenberg Declaration* and the exhibits annexed thereto, both Defendants have defaulted in responding to the Summons and Amended Complaint.   Thus, Defendants are deemed to have admitted liability, and the only remaining issue to be determined is the appropriate damages to be awarded. *See Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317 (2nd Cir. 1986) (the court deliberated about appropriate damages after upholding the entry of default).   Accordingly, Plaintiff requests an order granting default judgment in her favor

on liability against the Defendants, jointly and severally. If the plaintiff's claim is for a sum certain, and the defendant has not appeared, the Clerk of the Court can enter a judgment pursuant to Rule 55(b)(1). Alternatively, a default judgment can be entered by the Court. Fed. R. Civ. P. 55(b)(2). If necessary, the Court can direct that a hearing be held, called an "inquest," to determine the amount of damages, before entering judgment for that amount pursuant to Rule 55(b)(2).

Here, as explained in the *Freudenberg Declaration*, the Defendants have willfully attempted to avoid being served, despite the fact that they are in receipt of the Summons, Complaint, and Amended Complaint.  The Second Circuit has interpreted willfulness in the default judgment context "to refer to conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). A default may be willful "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* Thus, "[c]ourts have held the default to be willful when a defendant simply ignores a complaint without action." *Brown v. DeFilippis*, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988) (citing *Marziliano v. Heckler*, 728 F.2d 151 (2d Cir. 1984)).  Here, Defendants have intentional ignored timely responding to the lawsuit, despite removing the case to from State Court to this Court. Thus, Defendants' default is willful.  Defendants' delay and obstructive tactics are precisely why default procedures are available to an aggrieved litigant such as Plaintiff herein.

Rule 55(a)  provides that a plaintiff is entitled to the entry of a Default Judgment against a defendant who has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. Federal Rules of Civil Procedure Rule 12(a) provides that a party has twenty (20) days to serve a responsive pleading to a Complaint. Here, the time for Defendants to respond has long

since expired.   Accordingly, the Defendants have failed to answer or otherwise plead, Plaintiff is entitled to the entry of a Default Judgment against the Defendants, jointly and severally.

The law in the Second Circuit is clear, when a conscious decision has been made by counsel, he will not be relieved of its consequences when it subsequently develops that the choice was unfortunate. *United States v. Erdoss,* 440 F.2d 1221 (2d Cir. 1971); *Dal International Trading Corp. v. Sword Line, Inc.,* 286 F.2d 523 (2d Cir. 1961); *Benton v. Vinson, Elkins, Weems & Searls,* 255 F.2d 299 (2d Cir.), *cert, denied,* 358 U.S. 885, 79 S.Ct. 123, 3 L.E.2d 113 (1958) The Second Circuit has made clear that defaults that occur as a result of deliberate conduct are not excusable. *Gucci America Incorporated Guess? Inc v. Gold Center Jewelry, 158 F.3d 631, 41 Fed.R.Serv.3d 1304, 48 U.S.P.Q.2d 1371.* The Gucci decision stands for the proposition that in cases where a party deliberately defaults and intentionally fails to respond to a pleading the party knew was pending, the willful factor is satisfied, regardless of whether the parties acted in good or bad faith.

**B.  Good Cause Exists to Extend the Deadline for Service**

Under Fed. R. Civ. P. 4(m), if a plaintiff shows good cause for its failure to effect service within the applicable timeframe, the court "must extent the time for service for an appropriate period." "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *See Vantone Grp. LLC v. Yangpu Ngt Industrial Co.*, 2016 WL 3926449, at *2 (S.D.N.Y. July 15, 2016).  Good cause exists where the plaintiff has made multiple, diligent attempts to locate and serve the defendant. *See Cold Spring Const. Co. v. Spikes*, 2012 WL 41967, at *1 (W.D.N.Y. Jan. 9, 2012).  Courts also find good cause "when a defendant has been evasive or uncooperative with respect to a plaintiff's diligent attempts

at service." *Corrado v. New York Unified Court System*, 163 F. Supp. 3d 1, 15-16 (E.D.N.Y. 2016).

Even in the absence of good cause, district courts have discretion to grant an extension of time to effect service. *See Mares v. U.S.*, 627 Fed. Appx. 21, 23 (2d Cir. 2015).  In deciding whether to exercise that discretion, courts weight a number of factors, including the relative prejudice to the parties; whether the plaintiff would be precluded by the statute of limitations from re-filing the action after dismissal; whether the defendant had actual notice of the action; and whether the plaintiff has a "justifiable excuse" for failing to complete service. *Id.*

Here, regardless of which test is applied, ample grounds exist for an extension of time to effect service.  First, Plaintiff has made diligent efforts to serve Defendants at their residence and place of business, and have been frustrated in each attempt by Defendants' evasion of service.  See *Freudenberg Declaration*. After determining that Defendants' current address is 53 Oxford Landing, Weehawken, New Jersey, Plaintiff made several efforts to serve them in person at that address.  The first attempt was on October 4, 2019, when an individual at Defendants' apartment claimed not to know Defendants and slammed the door in the process server's face.  The process server then confirmed with building security that Defendant Fabbri was, in fact, a resident of the apartment.   He attempted service again on October 5, 2019; that time, the occupant of the apartment refused to open the door for the process server.  The process server made a third attempt on October 7, and was informed by building security that the residents of unit 53 had requested that he not be allowed access to the building.  On October 10, the process server affixed copies of the summons and complaint to the door of the apartment, and sent copies to Defendants by first class mail on October 11, in accordance with the "nail and mail" provisions of New York law. *See* N.Y. C.P.L.R. 308(4).  Plaintiff also made multiple attempts to serve Defendant Fabbri at his actual

place of business on December 10, December 11, December 12 and December 13.  Each time, the process server was told by building security that he was not permitted to deliver the papers to Mr. Fabbri's 12th-floor office.  The process server then left the papers with security and filed with an additional mailing at Defendants' office address on December 13.  These facts are more than sufficient to demonstrate that good cause exists to extend the deadline.  *See Corrado*, 163 F. Supp. 3d at 15-16 (finding good cause to extend deadline where defendant refused to come to building's lobby to accept service and building concierge refused to accept service on defendant's behalf).

Second, it is indisputable that Defendants have had actual notice of this action since at least November 13, 2019, the date their counsel, Mr. Kasell, filed Defendants' Notice of Removal of this action, which attached copies of the Summons and Amended Complaint.  Accordingly, this factor weighs in favor of an extension.  *See Jodan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 599 (E.D.N.Y. 2013) (granting extension where, *inter alia*, defendant received pleadings and filed motion to dismiss); *Burke v. Vision Gov't Solutions, Inc.*, 2018 WL 6272757, at *5 (D. Conn. Nov. 30, 2018) (granting extension where defendants had actual notice of complaint).

Third, this action arises out of a fire that occurred on September 13, 2016, and Plaintiff's claim sounds in negligence, which is subject to a 3-year statute of limitations.  N.Y. C.P.L.R. § 214.  Where, as here, the statute of limitations has run, and would bar the plaintiff from re-filing the action, an extension is appropriate to avoid "extinguish[ing] potentially meritorious claims without there being an opportunity to have them adjudicated on the merits."  *Burke*, 2018 WL 6272757, at *4.  Indeed, this factor, standing alone, can be sufficient grounds for an extension.  *Id.*

Finally, there can be no prejudice to Defendants from an extension.  Prejudice results from "impairment of a defendant's ability to defend on the merits," generally because the passage of time has deprived the defendant of an opportunity to secure necessary witnesses or evidence.

8

*Burke*, 2018 WL 6272757, at *5 (collecting cases).   Here, as alternative relief, Plaintiff is requesting a reasonable extension that will delay the case by a few months, and there is no reason a brief delay should prejudice Defendants, particularly not in light of the fact that they are already in possession of the Summons and Amended Complaint.  *See Jefferson v. Citizens Bank, N.A.*, 2016 WL 6651577, at *1 (W.D.N.Y. Nov. 10, 2016) ("Any extension of time is particularly appropriate where…the defendant has actual notice of the lawsuit and will suffer no prejudice from this short extension.").

Accordingly, Plaintiff respectfully requests that the Court grant a 60-day extension to complete service by one of the methods described below.

**C.   Alternative Methods of Service Are Appropriate Here**

Fed. R. Civ. P. 4(e)(1) permits service on an individual defendant by any of the means authorized by the state in which the district court is located or where service is made.  New York law permits the court to approve alternative methods of service on an individual where service by the methods prescribed by C.P.L.R. §§ 308(1), (2) and (4) proves impractical.  *See Ransome v. Epstein*, 2018 WL 637421, at *1 (S.D.N.Y. Jan. 30, 2018); N.Y. C.P.L.R. § 308(5).

An alternative method must comport with due process by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *See Brodsky v. HiLine Coffee Co.*, 2019 WL 579 1853, at *2 (S.D.N.Y. Oct. 26, 2019).  Courts have approved a variety of methods, including email, certified mail to a defendant's last known address, publication notice, and delivery to an attorney known to represent the defendant.  *See Brodsky*, 2019 WL 579 1853, at *2 (email); *Ransome*, 2018 WL 637421, at *2 (email and delivery to attorney); *D.R.I. Inc. v. Dennis*, 2004 WL 1237511, at *1-2 (S.D.N.Y. June 3, 2004) (certified mail, email and publication notice).  Moreover, the court

can deem service to have been completed where the plaintiff has already taken steps that are reasonably calculated to provide actual notice of the action. *See Ransome*, 2018 WL 637421, at *1.

Here, Plaintiff has made numerous efforts, detailed above, to serve Defendants personally at their residence and Defendants' place of business, as prescribed by N.Y. C.P.L.R. § 308(1) & (2). Plaintiff also has attempted "nail and mail" service twice, pursuant to C.P.L.R. § 308(4). Plaintiff also made diligent efforts to obtain information on Defendants' current address, including hiring an investigator. Accordingly, alternative methods of service are appropriate here. *See Ransome*, 2018 WL 637421, at *1. Moreover, Plaintiff has already taken steps, including sending the Summons and Amended Complaint to Defendants by mail, to ensure proper notice, and it is clear that Defendants have actually received notice of this action. Plaintiff therefore respectfully requests that the Court deem service to have been completed, or, in the alternative, authorize alternative service on Defendants by a reasonable method, such as by certified mail (followed by first class claim if Defendants do not accept or claim such certified letter) or by delivery to the attorney representing them in this action.

## **CONCLUSION**

For all of the foregoing reasons, and those included in the accompanying *Freudenberg Declaration*, the exhibits annexed thereto, and the the *Hyman Declaration*, Plaintiff respectfully requests that the Court grant the relief sought herein in its entirety, as well as such additional and different relief that this Court deems just and proper.

Dated: White Plains, New York
       January 3, 2020

                              Respectfully submitted


                        By:_____
                              Michael W. Freudenberg (MF-4425)
                              Harrington, Ocko & Monk, LLP
                              *Attorneys for Plaintiff*
                              81 Main Street, Suite 215
                              White Plains, New York 10601
                              (914) 686-4800