UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SYDNEY HYMAN,

                              Plaintiff,

      v.

ANDREW FABBRI and JESSICA COHEN a/k/a
JESSICA FABBRI,

                             Defendants.
-----------------------------------------------------------X

19 Civ. 10506 (AT)

## Memorandum Of Law In Opposition To The Order To Show Cause

David Kasell
Kasell Law Firm
1038 Jackson Ave.,
Long Island City, NY 11101
(718) 404-6668
*Counsel for Defendants*

Defendants Andrew Fabbri ("Fabbri") and Jessica Cohen ("Cohen") respectfully submit this Memorandum of Law in Opposition to the Order to Show Cause for Default (Dkt. #28). This Court lacks jurisdiction over Defendants for two reasons.

***First***, the Summons is defective on its face because it erroneously instructs Plaintiff to answer the Complaint even though the Complaint was superseded by an Amended Complaint. It is impossible for Defendant to answer the Complaint, which is now a document of no legal effect. Plaintiff has not amended or even sought to amend the summons--much less served a correct, amended summons on Plaintiff as required.

***Second***, and independently, Plaintiff has failed to demonstrate due diligence when attempting to personally serve Defendants or another suitable person before using the "nail-and-mail" exception. The server's efforts were perfunctory. He could have left the papers with the doorman for the apartment building -- a doorman that the server swears prohibited his entrance to Defendants' apartment. Moreover, the server made no effort to personally serve Defendants or another suitable person at Defendants' business address before resorting to nail-and-mail service.

This Court should also not extend the time for service under Rule 4(m) of the Federal Rules of Civil Procedure ("Federal Rules"). Under state law (which applies as this case sits in diversity jurisdiction), a summons cannot be amended once the statute of limitations has expired if such an extension prejudices "a substantial right of a party against whom the summons issued." CPLR § 305(c); *see also* CPLR § 201 ("No court shall extend the time limited by law for the commencement of an action."); CPLR § 214(5) (statute of limitations for a negligence cause of action is three years).

Moreover, Plaintiff has not shown good cause for an extension. Indeed, courts have warned: "One who attempts to commence an action just before the last grains of sand run out on the Statute of Limitations had better take pains to be sure there are no lurking defects in the procedure employed to acquire jurisdiction, for a failure to take care may be fatal to the plaintiff's rights." *Scaringi v. Broome Realty Corp.*, 154 Misc. 2d 786, 789 (Sup. Ct. NY County 1991). Plaintiff has shown a complete lack of diligence, careless regard of the statute of limitation, repeated delays in service, substantial delay in requesting an extension, and failure to even request a correct summons. An extension should be denied under such egregious circumstances.

## I.     Relevant Procedural Background

This action for negligence arises out of a fire that took place on September 13, 2016. Almost three years later, on September 6, 2019, Plaintiff Sydney Hyman filed the Summons in state court (Ex. 1 at 2-3 attached to Dkt. #1) and then the Complaint (*id.* at 4-12). The Summons begins: "YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer . . . upon Plaintiff's attorney(s) . . . ." Ex. 1 at 2. Prior to attempting to serve papers on Defendants, Plaintiff filed the Amended Complaint (*id.* at 13-22). Plaintiff did not amend the summons so that it would contain the correct instructions on answering the Amended Complaint.

According to two affidavits dated October 16, 2019 ("October Affidavits") (Dkt. ##11-12), Plaintiff "served" the Summons and Amended Complaint on Cohen and Fabbri with nail-and-mail service. Defendants removed the action to this Court. *See* Dkt.

2

#1 (Notice of Removal).¹ Two months later, according to affidavits filed in this Court on December 30, 2019 ("December Affidavits") (Dkt. ##15-18), Plaintiff mailed the Summons, Complaint and Amended Complaint to Defendants' residence and business and affixed the documents to their business at 300 Vesey (a declaration that is laughable and very likely false once one understands that size of the 300 Vesey Street complex, see http://www.300vesey.info/toc.cfm).

On January 7, 2020, this Court issued an Order to Show Cause for Default.

## II.     This Court's Jurisdiction Requires Proper Service of Process

"A court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, 'which also means that he must have been effectively served with process.'" *Copelco Capital, Inc. v. Gen. Consul of Bol.*, 940 F. Supp. 93, 94 (S.D.N.Y. 1996). This is true because a court cannot exercise jurisdiction over a defendant without proof of proper service of the summons and complaint. *See Omni Capital Intern., v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

"[A]ctual notice of the suit does not cure this defect, since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court." *United States v. Thompson*, 921 F. 3d 82, 87 (2nd Cir. 2019); *see also Raschel v. Rish*, 69 N.Y.2d 694, 697 (1986) ("it is irrelevant that defendant may have actually received the documents").

---

¹ This practice, known as "snap removal," does not waive service. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) (holding that a defendant may remove a suit filed in its home forum after plaintiff filed the suit but before service as defendants are only prohibited form such removal when they have been "properly joined and served" and removal does not waive or otherwise constitute service).

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987). Indeed, "the issue of ineffective service of process may be raised *sua sponte*" because proper service goes to the very heart of the court's jurisdiction. *Friedman*, 929 F.2d at 1155 n.4. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also American Telephone & Telegraph Co. v. Merry*, 592 F.2d 118, 126 (2d Cir. 1979).

### III. Requirements for Service of Papers

Rule 4(e) requires plaintiff to (1) personally serve the papers on defendant or, (2) personally serve a person of suitable age and discretion at defendant's dwelling or usual place of abode, or (3) serve the papers as required by state law where the U.S. District Court sits -- in this case, New York. Fed. R. Civ. P. 4(e). Because Article 3 of the CPLR's requirements are broader than Federal Rule 4(e)(1)-(2), the sole question is whether a plaintiff complied with CPLR § 308.

CPLR § 308 provides several different methods for service. One method is personal delivery to the defendant. CPLR § 308(1). A second method is by delivering the summons to someone of "suitable age and discretion" at the defendant's "actual place of business, dwelling place or usual place of abode." CPLR § 308(2). Suitable age and discretion means that "[t]he person to whom delivery is made must objectively be of sufficient maturity, understanding, and responsibility under the circumstances so as to

be reasonably likely to convey the summons to the defendant." *Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104 (E.D.N.Y. 1995); *see also Pub. Admin. v. Markowitz*, 557 N.Y.S.2d 348, 348 (App. Div. 1st Dep't 1990) (holding that CPLR § 308(2) only requires that process be served upon a person of suitable age and discretion at the actual place of business, "regardless of whether or not that person is an employee or is otherwise officially authorized to accept service on behalf of the defendant").[2]

A copy of the summons must also be mailed to the defendant at the last known residence or actual place of business. The delivery and mailing must occur within twenty days of one another. Proof of service must be filed with the clerk of the court in which the action is pending within twenty days of the later of the delivery or mailing. Service is deemed complete ten days after the filing of the proof of service. *See* CPLR § 308(2).

When service cannot be made under CPLR § 308(1)-(2) with "due diligence," CPLR 308(4) permits service with what is colloquially known as "nail and mail." The server may affix the summons to the door of the defendant's usual place of abode or actual place of business and, then, mail in a manner similar to that method used with "suitable age and discretion" service. *See* CPLR § 308(4).

"The due diligence component of CPLR § 308(4) underscores the legislative preference for in-hand delivery to a person, whether it be the defendant herself or a person of suitable age and discretion at defendant's home or place of business." Vincent

---

[2] For example, *Oxhandler v. Sekhar*, 451 N.Y.S.2d 100 (1st Dep't 1982), held that service was properly effected where credible evidence exists that process server left summons and complaint with woman in nurse's uniform whom he took to be a receptionist at defendant doctor's office, even though hospital nurses did not regularly work in those doctors' offices and process papers were later found on floor of reception.

5

C. Alexander, 7B Practice Commentaries, McKinney's Cons. Laws of NY at 207 (2010). Both requirements of the nail-and-mail must be strictly followed even if the defendant has notice of the complaint. *See Opt Out of IEAM, LLC v. Indus. Enters. of Am., Inc.*, No. 11 Civ. 8470, 2012 WL 6135819, at *3 (S.D.N.Y. Dec. 11, 2012) (finding that "summons and complaint were timely delivered to a 'doorman/secretary' at [defendant's] offices," but not "mailed to [defendant]").

The purpose of New York's process-serving requirements is to combat the long-standing problem of process-serving abuse known as "sewer service" as well as to ensure the reliability of records presented to courts in support of their exercise of their jurisdiction over defendants. *See Feinstein v. Bergner*, 48 N.Y.2d 234, 239-241 (1979); *Todd v. Todd*, 51 Misc.2d 94, 95 (Nassau Co. 1966). Plaintiffs have an incentive to engage in sewer service to save money by not exercising the due diligence needed for in-hand service as they can falsify an affidavit and then use the nail-and-mail option.

To prevent sewer service and the falsification of court records, New York's highest court has emphasized that courts must strictly enforce service as they are statutorily required. *See Feinstein v. Bergner*, 48 N.Y.2d 234, 241 (1979). The Second Circuit has emphasized strict compliance as well: "Under New York law, a court does not have personal jurisdiction over civil defendants unless they are served in accordance with statutory requirements." *United States v. Thompson*, 921 F. 3d 82, 87 (2nd Cir. 2019) (citing *Feinstein*, *supra*). "[A]ctual notice of the suit does not cure this defect, since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court." *Id*.

6

## IV. The Summons is Defective and Incorrect

The Summons is defective on its face. The Summons states that Defendants should respond to the Complaint, which is a document of no legal effect once the Amended Complaint was filed. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.")

A summons with incorrect information -- particularly the information stating which document to respond to -- is jurisdictionally defective. *See, e.g.*, *Matter of Kalinsky v. State Univ.*, 188 A.D.2d 810 (3d Dept 1992); *Matter of Harder v. Board of Educ.*, 188 A.D.2d 783 (3d Dept. 1992); *Travis v. New York State Dept. of Envtl. Conservation*, 185 A.D.2d 714 (4th Dept. 1992); *Matter of Civil Serv. Empls. Assn. v Albrecht*, 180 A.D.2d 183 (3d Dept. 1992), *leave denied* 80 N.Y.2d 761 (1992); *Lincoln Plaza Tenants v. Dinkins*, 171 A.D.2d 577 (1st Dept 1991).

The summons must also be the same as the one filed. *See Scaringi v. Broome Realty Corp.*, 154 Misc. 2d 786 (Sup. Ct. N.Y. County 1991). Plaintiff, however, did not amend the summons so as to correct the information as of right under CPLR § 3025 (assuming that this provision of the CPLR applies to summons)[3] or move for an amendment under CPLR Rule 305 (which allows for summons to be amended). Nor can Plaintiff move at this late stage as the three-year statute of limitation is "a substantial

---

[3] Defendants respectfully reserve the right to argue that the Court of Appeals would hold CPLR § 3025 only allows an amendment as of right *after* service of the complaint under the Section 3025's plain language. *See Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 354, 356-71 (S.D.N.Y. 2010) (rejecting holdings by two appellate divisions).

7

right of a party against whom the summons issued," CPLR § 305(c). Moreover, this Court does not have the power to order the state court to issue an amended summons.

Thus, this Court does not have jurisdiction and dismissal is warranted.

## V.     Plaintiff Did Not Exercise Due Diligence

Nail-and-mail service may ***only*** be used if Plaintiff establishes that personal service to defendant or suitable person at the defendant's dwelling or business cannot be made with "due diligence." CPLR § 308(4). Due diligence "refers to the quality of the efforts made to effect personal service, . . . not to their quantity or frequency." *Maines Paper & Food Servs., Inc. v. Boulevard Burgers*, 861 N.Y.S.2d 808, 809 (3d Dep't 2008) (quoting *Estate of Waterman v. Jones*, 843 N.Y.S.2d 462, 464 (2d Dep't 2007)).

In this case, the server's affidavits state that Defendants live in a "luxury high rise apartment building" and the doorman prohibited the server's access to the apartment (Dkt. #11-12); *see also* Ex. 2 to Dkt. #1 (same affidavits as filed in state court). If "access to the person's actual apartment is limited, . . . service upon a doorman in the lobby constitutes service at the person's residence under CPLR § 308(2)." *Bruccoleri v. Gangemi*, No. 18 Civ. 7443 (ILG), 2019 WL 499769, at *3 n.2 (E.D.N.Y. Feb. 8, 2019) (citing *F. I. duPont, Glore Forgan & Co. v. Chen*, 41 N.Y.2d 794, 797 (1977).[4]

Plaintiff clearly failed to serve the papers on doorman -- and act that could have easily be done with the slightest effort -- and, for this reason alone, nail-and-mail was

---

[4] "Service to a guard outside a gated community has been held to be a proper location for service, since the 'outer bounds of defendant's actual dwelling place are deemed to extend to the security booth.'" *Stanley Agency, Inc. v. Behind the Bench, Inc.*, 23 Misc. 3d 1107(A), 885 N.Y.S.2d 713 (Sup. Ct. 2009) (quoting *Costine v. St. Vincent's Medical Hospital & Med. Ctr*, 173 A.D.2d 422, 570 N.Y.S.2d 50 (1991)).

8

wholly improper. Where a person of suitable age and discretion is at the defendant's home or business place when service is attempted, nail and mail service is invalid. *See, e.g., Weinberg v. Hillbrae Builders, Inc.*, 58 App. Div. 2d 546, 396 N.Y.S.2d 9 (1st Dep't 1977); *Levin v. McGovern*, 53 App. Div. 2d 1042, 386 N.Y.S.2d 168 (4th Dep't 1976).

Moreover, Plaintiff's October affidavits fail to show any attempt to ascertain defendant's business address and effectuate service at that location. Absent such a showing, due diligence cannot be established. *See, e.g., Gurevitch v Goodman*, 269 A.D.2d 355 (2d Dept. 2000); *Neely v. Harrison*, 208 A.D.2d 909 (2d. Dept. 1994) (no due diligence where plaintiff failed to attempt serving the defendant at known business address); *Pizzolo v. Monaco*, 186 A.D.2d 727 (2d Dept. 1992) (no due diligence where plaintiff made no attempts to serve defendant at place of his employment).

Nor should the Court grant Plaintiff more time to serve (even assuming a corrected summons could be obtained). In failing to serve the doorman or a suitable person at Defendants' business, Plaintiff has fallen far short of reasonable diligence. The server's affidavits also contain statements that appear to be false on their face. For example, the server could not have affixed the Summons and Amended Complaint to Defendants' door on October 10, 2019, if he was barred entry by the doorman three days earlier on October 7, 2019 (Dkt. #11, Dkt. #12). Likewise, it is bizarre for the server to state that in the December affidavits that he affixed the Summons, Complaint, and Amended Complaint to 300 Vesey Street given the size of this business complex (http://www.300vesey.info/toc.cfm) (Dkt. #15, Dkt. #16) nor would this entire complex

9

constitute Defendants' place of business.[5] The December affidavits also show that server attempted service at the business at close to midnight (11:24 p.m.) and twice during the lunch hour (Dkt. #15, Dkt. #16). Such conduct constitutes the very sewer service that courts have repeatedly warned against and declared invalid.

The Court should not grant an extension given the complete lack of diligence, the expiration of the statute of limitation, the length of delay in service, the delay in request for an extension, the failure to obtain a corrected summons, and the prejudice to defendants. Plaintiff has acted with extreme carelessness to say the very least. "[I]t should . . . be plain to all lawyers that playing loose with the [service deadline] after having delayed suit until the eve of the expiration of the statute of limitations can easily have fatal consequences." *Knott v. Atl. Bingo Supply, Inc.*, 2005 WL 3593743, at *2 (D. Md. Dec. 22, 2005) (quoting Fed. R. Civ. Pro. 4, advisory committee notes)).

## VI. Conclusion

Plaintiff repeated use of nail-and-mail service was insufficient for two reasons. First, the summons is incorrect as it directs Defendants to answer the Complaint, rather than Amended Complaint. Second, Plaintiff has not -- and cannot -- show due diligence as deliver to the doorman or a suitable person at Defendants' business was not attempted. Tus, the Order to Show Cause should be denied, no extension should be granted, and the action should be dismissed for lack of jurisdiction over Defendants.

---

[5] Moreover, a different and unlicensed party mailed these papers (Dkt. #17, Dkt. #18). New York requires all process servers within each of the 5 boroughs (Manhattan, Brooklyn, Bronx, Staten Island, and Queens) to be licensed through the NYC Department of Consumer Affairs. The person who mailed the papers was unlicensed (Dkt. #17, Dkt. #18). Rules of the City of New York, subchapter W, §2.231 *et seq.* and §20-403 *et seq.*

Date:  February 4, 2020

                                      Respectfully submitted,

                                      <u>*/s/David Kasell*</u>
                                      David Kasell
                                      Kasell Law Firm
                                      1038 Jackson Ave.,
                                      Long Island City, NY 11101
                                      (718) 404-6668
                                      *Counsel for Defendants*