# Kasell Law Firm

February 6, 2020

Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 15D
New York, NY 10007-1312

> **Re: Defendants' Portion of the Joint Letter in Advance of the Pretrial Conference in *Hyman v. Fabbri et al.*, No. 19 Civ. 10506**

Judge Torres:

I submit this letter as Defendants' portion of the joint letter for the proposed Civil Case Management Plan and Scheduling Order in advance of the Pretrial Conference before Your Honor currently scheduled for February 13, 2020 at 10:40 a.m.

Defendants' position is that discovery should be stayed pending resolution of whether this Court has personal jurisdiction and intend to submit a pre-motion letter setting forth the basis for the anticipated motion tomorrow. As set forth in the opposition brief submitted this week (Dkt. #36), the Court lacks personal jurisdiction over Defendants because (1) Plaintiff's summons is defective, and (2) Plaintiff has failed to serve a correct summons and the Amended Complaint on Defendants as required under Fed. R. Civ. P. 4 and CPLR § 308. See Dkt. #36. As a result, this Court lacks personal jurisdiction over Defendants.

Courts in the District and across the country routinely hold that it is appropriate to stay discovery where personal jurisdiction is at issue. *See Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 7022004, *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery pending resolution of a motion to dismiss because the "motion to dismiss based on lack of personal jurisdiction is potentially dispositive, and appears to be not unfounded in the law"); *see also Boelter v. Hearst Commc'ns, Inc.*, 15 Civ. 03934, *5 (S.D.N.Y. Jan. 28, 2016) (if arguments questioning the court's jurisdiction are not frivolous, a stay of discovery pending resolution of the motion to dismiss is appropriate and warranted) (Torres, J.); *Mvisible Techs., Inc. v. Mixxer, Inc.*, No. 06 Civ. 61792, 2007 WL 809677 (S.D. Fla. March 15, 2007) (granting defendants' motion to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction, subject to order

# Kasell Law Firm

permitting limited discovery on issues relevant to jurisdictional inquiry); *Amerital Inns v. Moffat Bros. Plastering, L.C.*, No. 06 Civ. 359, 2007 WL 1792323 (D. Id June 20, 2007) (stay of discovery is appropriate until personal jurisdiction is decided).

In this District, courts balance three factors in determining whether "good cause" exists for a stay of discovery: (1) the strength of movant's position, (2) the breadth and burden of discovery; and (3) the prejudice resulting to the non-moving party from a stay. *See, e.g.*, *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *Anti-Monopoly, Inc.*, 1996 WL 101277, at *2-4. Each of these factors weighs in favor of this Court granting a temporary stay of discovery in this lawsuit.

Finally, while Plaintiff highlights and bolds this Court's statement that "The Court will not stay discovery pending its decision on any motion," this Court has in fact stayed discovery pending dispositive motions. *See Boelter v. Hearst Commc'ns, Inc.*, 15 Civ. 03934, *5 (S.D.N.Y. Jan. 28, 2016) (holding that if arguments questioning the court's jurisdiction are not frivolous, a stay of discovery pending resolution of the motion to dismiss is appropriate and warranted) (Torres, J.).

The fact is that the issue raised by Defendants' issue is a threshold issue and should be resolved before requiring Defendants to undergo the undue burden and cost of discovery in a case over which this Court may not have jurisdiction and which may be otherwise barred by the statute of limitations.

Repectfully,

/s/ *David Kasell*

David Kasell, Esq.
Kasell Law Firm
1038 Jackson Avenue, Suite 4
Long Island City, New York 11101
(718) 404-6668