UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
SYDNEY HYMAN,

                                                                             Case No. 19-cv-10506 (AT)

                        Plaintiff,

                v.

ANDREW FABBRI and JESSICA COHEN a/k/a
JESSICA FABBRI,

                        Defendants.
———————————————————————X


**PLAINTIFF SYDNEY HYMAN'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HER ORDER TO SHOW CAUSE
SEEKING A DEFAULT JUDGMENT AGAINST
DEFENDANTS ANDREW FABBRI AND JESSICA COHEN
A/K/A JESSICA FABBRI, THE SCHEDULING OF
AN INQUEST ON DAMAGES,
AND ALTERNATIVE RELIEF**


Harrington, Ocko & Monk, LLP
81 Main Street
White Plains, New York 10601
*Attorneys for Plaintiff*
*SYDNEY HYMAN*

SYDNEY HYMAN ("Plaintiff" or "Hyman") respectfully submits this Memorandum of Law in further support of her within application seeking an Order: a) directing that a default judgment as to liability be entered against Defendants Andrew Fabbri and Jessica Cohen (a/k/a Jessica Fabbri) pursuant to Federal Rules of Civil Procedure ("FRCP") 55; Local Civil Rule 55.1, and Rule 16.1 of the Electronic Case Filing Rules & Instructions; b) directing an inquest hearing on damages; c) In the alternative, extending Plaintiff's time to serve the Summons and Amended Complaint in this action by 60 days from the Court's ruling, and authorizing Plaintiff to effect service of the Summons and Amended Complaint on Defendants Andrew Fabbri and Jessica Cohen (a/k/a Jessica Fabbri) by certified mail to their last known address (and if the certified mail is not accepted by Defendants), by first class mail, and to their attorney of record in this action by ECF; d) such additional and further relief as the Court deems just and proper.

## ARGUMENT

**A.  A Default Judgment Should be Entered Jointly
and Severally Against the Defendants, and an
Inquest on Damages Scheduled as Defendants Have Willfully
Defaulted and Waived Any Alleged Personal Jurisdiction Defense**

As set forth the in the Freudenberg Declaration dated February 11, 2020 ("*Freudenberg Dec.*")[Docket # 44], as well as the Declarations of process servers Roger Padilla ("*Padilla Dec.*")[Docket # 43], Matthew Brown ("*Brown Dec.*")[Docket # 43], and Michael Castellanos ("*Castellanos Dec.*")[Docket # 44], there have been extraordinary due diligence efforts by Plaintiff on no fewer than fifteen service attempts, resulting in no four occasions of completed service on the Defendants. On October 10, 2019 at 8:30 p.m., Mr. Padilla successfully served the Commencing Litigation Documents on Defendants Andrew Fabbri and Jessica Cohen at 53 Oxford Landing, Weehawken, New Jersey 07086 by affixing a true copy of each to the door of said

1

premises which is the Defendants usual place of abode consistent with New York, Federal and New Jersey law. See Padilla Dec. ¶8 and 9, Exhibit B.

A defendant must serve an answer... within 21 days after being filed with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). "A motion asserting any of these [12(b)] defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). "A party waives any defense listed in Rule 12(b)(2)-(5) by: omitting it from a motion in the circumstances described in Rule 12(g)(2); or failing to either: make it by motion under this rule; or include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h). Thus, the defenses of lack of personal jurisdiction and insufficient service of process may be waived. Fed. R. Civ. P. 12(h)(1). A party waives the defenses by failing to assert them promptly by motion or in the responsive pleading. *Id.; Datskow v. Teledyne, Inc., Cont'l Products Div.*, 899 F.2d 1298, 1303 (2d Cir.1990). It is well established that a party may only be deemed to waive its objection to a court's jurisdiction by appearing before *that* Court. *See, e.g., Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 546 (3d Cir. 1967)("[I]f a defendant appears, he may assert lack of jurisdiction over his person either by timely motion or answer"). Here, Defendants timely removed the action on November 13, 2019 [Docket # 1] after being properly served with the Summons and Amended Complaint and Notice of Commencement of Action on October 10, 2019. However, Defendants thereafter made a tactical decision to intentionally default, not serve a pre-motion letter to dismiss, not file a motion to dismiss, and/or timely answer. In fact, Defendants still have not done so and are in default.

"Personal jurisdiction, unlike subject-matter jurisdiction, can ... be purposely waived or inadvertently forfeited. 'Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.' " *City of New York v. Mickalis Pawn*

*Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). Thus, when a defendant omits a personal jurisdiction challenge from a pre-answer Rule 12(b) motion to dismiss, Rule 12(h)(1)(A) provides that the defense is waived. *See, e.g., Transaero, Inc. v. La Fuerza Aerea Boliviano*, 162 F.3d 724, 730 (2d Cir. 1998) (Rule 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction ... or service of process. If he wishes to raise [either] of these defense he must do so at the time he makes his first significant defensive move....") (citation omitted).

In *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 140 (2d Cir. 2011), the Second Circuit did not excuse the defendant's forfeiture where the Defendants "sought to evade" the jurisdiction of the Court "through their strategic decisions to default." The Second Circuit held as follows:

> "[I]n determining whether waiver or forfeiture of objections to personal jurisdiction has occurred, 'we consider all of the relevant circumstances.' " *Mattel, Inc. v. Barbie–Club.com,* 310 F.3d 293, 307 (2d Cir.2002) (quoting *Hamilton v. Atlas Turner, \*134 Inc.,* 197 F.3d 58, 61 (2d Cir.1999), *cert. denied,* 530 U.S. 1244, 120 S.Ct. 2691, 147 L.Ed.2d 962 (2000)). It is well established that a party forfeits its defense of lack of personal jurisdiction by failing timely to raise the defense in its initial responsive pleading. *See* Fed.R.Civ.P. 12(h). But there are "various [additional] reasons a defendant may be estopped from raising the issue." *Ins. Corp. of Ireland,* 456 U.S. at 704, 102 S.Ct. 2099. A court will obtain, through implied consent, personal jurisdiction over a defendant if "[t]he actions of the defendant [during the litigation] ... amount to a legal submission to the jurisdiction of the court, whether voluntary or not." *Id.* at 704–05, 102 S.Ct. 2099; *see also Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1318 (9th Cir.) ("Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation."), *cert. denied,* 525 U.S. 983, 119 S.Ct. 446, 142 L.Ed.2d 401 (1998).

In fact, because personal jurisdiction is a waivable right that does not inherently limit a court's power, "*the court is powerless* to dismiss the suit for lack of personal jurisdiction" once the defendant has submitted to the court's jurisdiction by declining to timely contest it. *O'Brien v. R.J. O'Brien & Associates*, 998 F.2d 1394, 1399 (7th Cir. 1993).

3

Personal jurisdiction may be waived by the defendants' failure to adhere to procedural rules. Fed. R. Civ. P. 12(h)(1)(B) states unambiguously that a party waives the defense of lack of personal jurisdiction, among others, where he fails to make it by motion or fails to include it in a responsive pleading. The time for filing such a motion is 21 days after being served with the pleading. Fed. R. Civ. P. 55(a) unambiguously provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ... the clerk *must* enter the party's default. (emphasis added).

Rule 12(h) requires waiver here of any personal jurisdiction defense. It is well settled that lack of personal jurisdiction is a privileged defense that can be waived "by failure [to] assert [it] seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo Co. v. Bethlehem Corp.,* 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167 (1939); *see Marcial Ucin, S.A. v. S.S. Galicia,* 723 F.2d 994, 996 (1st Cir.1983).

Here, upon the Defendants purportedly asserting that that service was not proper, or that the Summons was defective, the defendants should have timely moved to dismiss the complaint by first serving a pre-motion letter as required by Your Honor. This would have allowed Plaintiff to the opportunity to possibly re-serve the summons and complaint, or amended the summons (assuming *arguendo* that it was defective, which Plaintiff and controlling case law vehemently dispute). *See Marcial Ucin, S.A. v. S.S. Galicia, supra,* 723 F.2d at 997 (in determining that defendant waived affirmative defense of lack of personal jurisdiction, court noted that plaintiffs "may have been placed at a disadvantage by having to face the possibility that the Massachusetts statute of limitations might bar their claims"); *Vozeh v. Good Samaritan Hospital, supra,* 84 F.R.D. at 144 (application by defendant to dismiss the complaint on the ground that he was not personally

served with the summons and complaint in this action "is woefully and inexcusably belated" as "[c]considerable harm has been done thereby to the rights of the other litigants in the case).

To hold that the privilege of lack of personal jurisdiction may be retained by an appearing defendant for as long as he does not file a pre-answer motion or responsive pleading would be "subversive of orderly procedure and make for harmful delay and confusion." *Cf. Commercial Casualty Co. v. Consolidated Stone Co.*, 278 U.S. 177, 180, 49 S.Ct. 98, 99, 73 L.Ed. 252 (1929).

As evident from the *Freudenberg Declaration*, the *Padilla* Declaration, the *Brown* Declaration, and the *Castellanos* Declaration, both Defendants have defaulted in responding to the properly effectuated service of process. Thus, Defendants are deemed to have admitted liability, and the only remaining issue to be determined is the appropriate damages to be awarded. *See Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317 (2nd Cir. 1986) (the court deliberated about appropriate damages after upholding the entry of default).

The Second Circuit has interpreted willfulness in the default judgment context "to refer to conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). A default may be willful "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id*. Thus, "[c]ourts have held the default to be willful when a defendant simply ignores a complaint without action." *Brown v. DeFilippis*, 695 F. Supp. 1528, 1530 (S.D.N.Y. 1988) (citing *Marziliano v. Heckler*, 728 F.2d 151 (2d Cir. 1984)). Here, Defendants have intentionally ignored timely responding to the lawsuit, despite removing the case to this Court. Thus, Defendants' default is willful. Defendants' delay and obstructive tactics are precisely why default procedures are available to an aggrieved litigant such as Plaintiff herein.

Rule 55(a) provides that a plaintiff is entitled to the entry of a Default Judgment against a defendant who has failed to plead or otherwise defend as provided by the Federal Rules of Civil

Procedure. Federal Rules of Civil Procedure Rule 81(c) provides that a party has twenty-one (21) days after service of the summons or initial pleading to serve a responsive pleading to a Complaint. Here, the time for Defendants to respond has long since expired. Accordingly, the Defendants have failed to answer or otherwise plead, Plaintiff is entitled to the entry of a Default Judgment against the Defendants, jointly and severally.

The law in the Second Circuit is clear, when a conscious decision has been made by counsel, he will not be relieved of its consequences when it subsequently develops that the choice was unfortunate. *United States v. Erdoss,* 440 F.2d 1221 (2d Cir. 1971); *Dal International Trading Corp. v. Sword Line, Inc.,* 286 F.2d 523 (2d Cir. 1961); *Benton v. Vinson, Elkins, Weems & Searls,* 255 F.2d 299 (2d Cir.), *cert, denied,* 358 U.S. 885, 79 S.Ct. 123, 3 L.E.2d 113 (1958) The Second Circuit has made clear that defaults that occur as a result of deliberate conduct are not excusable. *Gucci America Incorporated Guess? Inc v. Gold Center Jewelry,* 158 F.3d 631, 41 Fed.R.Serv.3d 1304, 48 U.S.P.Q.2d 1371 (2nd Cir. 1998). The Gucci decision stands for the proposition that in cases where a party deliberately defaults and intentionally fails to respond to a pleading that the party knew was pending, the willful factor is satisfied, regardless of whether the parties acted in good or bad faith. Specifically, the Second Circuit stated:

> It seems to us clear that the analysis in *American Alliance* did not intend to suggest that a finding of bad faith is a necessary predicate to concluding that a defendant acted "willfully" for the purposes of Rule 60(b)(1). Instead, we merely sought to contrast defaults caused by negligence, which may in some cases be excusable, with defaults resulting from deliberate conduct, which are not excusable. *Cf. Securities and Exchange Commission v. McNulty,* 137 F.3d 732, 738 (2d Cir.1998) (citing *American Alliance* for the proposition that, in the context of a default, "willfulness" refers to "conduct that is more than merely negligent or careless"). Thus, while a determination that the defendant acted in bad faith would certainly support a finding of "willfulness," it is sufficient that the defendant defaulted deliberately.

**B. The Second Circuit Liberally Construes Rule 4
to Find Personal Jurisdiction Where the Defendant
Receives Actual Notice**

6

As the Second Circuit observed, "Rule 4 of the Federal Rules is to be construed liberally 'to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Romandette v. Weetabix Co.,* 807 F.2d 309, 311 (2d Cir. 1986). In this case, it is undisputed that the defendants received actual notice of the pendency of this action, timely removed the case (although never served a Notice of Removal on Plaintiff or filed it with the Court) and then proceeded to simply ignore the lawsuit based upon an untenable legal position that Defendants did not have a duty to move or answer the lawsuit because they believed that this Court did not have personal jurisdiction to hear this case.

Courts also find good cause "when a defendant has been evasive or uncooperative with respect to a plaintiff's diligent attempts at service." *Corrado v. New York Unified Court System,* 163 F. Supp. 3d 1, 15-16 (E.D.N.Y. 2016). The Court in *Corrado* held as follows:

> Courts within this circuit generally have found good cause when a defendant has been evasive or uncooperative with respect to a plaintiff's diligent attempts at service. *See Gerena v. Korb,* 617 F.3d 197, 200 (2d Cir.2010) (multiple attempts at service resulted in district court finding that defendant was "playing cat-and-mouse game with plaintiffs regarding service"); *Am. Intern.,* 203 F.R.D. at 96 (process server denied access to defendant's residence by building security guard); *Blessinger,* 174 F.R.D. at 31. ("The Court has every reason to believe that the [defendant]... did evade the service ... with the hope of having the entire matter disposed of without having to address the merits of [p]laintiff's claims."); *id.* (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment).

C. **Courts Do Not Condone Willful Tactical Defaults By Defendants to Untimely Attack Personal Jurisdiction**

In *Vega Matta v. Alvarez de Choudens,* 440 F. Supp. 246 (D. Puerto Rico 1977), the defendants made a similar tactical error. It was undisputed that multiple defendants received notice of the pending action through service of process. The defendants alleged a violation of Fed. R. Civ. P. 4(b) asserting that the service was improper due to a defect in the summons. Although counsel admitted that it received notice of the action with sufficient time to respond, it made a

7

"'tactical mistake' to wait until after default had been entered by the Clerk to appear for the purpose of moving [the] Court to quash [the] summons." *Id.* at 248-249. Defendants' counsel claimed that they let the period elapse before making their appearance before the Court because they had a "'valid' jurisdictional' excuse." *Id.* at 249. Disagreeing with this tactic, the Court held:

> We believe that as a matter of justice we cannot condone such willful 'tactical' default. This Court must deal with an extremely cumbersome load of cases, and it is our unavoidable duty to conjugate expediency with justice. We cannot accept willful default which is designed to accommodate the particular interests of one of the parties to a suit. Such motives for belated appearance are certainly not "good cause" for granting relief from entry of default, nor are they contemplated in Rule 60(b) of the Federal Rules of Civil Procedure as causes for setting aside judgment by default. *Id.*

### D. **Defendants Allegation that the Summons is Defective is Without Merit, Unsupported by the Facts and Unsupported by a Single Case Cited by the Defendants**

Defendants admit in their opposition brief that an Amended Complaint supersedes a Complaint. All of the cases cited by Defendants in support of their meritless argument that the Summons is defective relate to cases involving a Notice of Petition that fails to advise the responding party of the date, time and or location of a hearing. Such argument is entirely disingenuous and the cases law is entirely distinguishable from the matter at bar. Defendants were properly served with the Summons, Amended Complaint, and Notice of Commencement at their home on October 10, 2019. Defendants retained their same counsel that represented in a prior action relating to the same exact fire caused by Defendants at 51 Greene Street on September 13, 2016 who timely removed the case from Supreme Court, New York County to this Court. Defendants' counsel attached the Summons, Complaint and Amended Complaint to Defendants' Notice of Removal [ECF # 1] as Exhibit A that were uploaded to the New York State Supreme Court ECF system ("NYS ECF System").

8

Any attempt by Defendants to now argue that the Summons was confusing and they were unsure which version of the Complaint to answer is not only disingenuous (at best) but completely undermined by the fact that at the time of removal, Defendants were served with the Summons, Amended Complaint and Notice of Commencement (and not the original complaint)on October 10, 2019 when they were properly served at their home. Second, experienced counsel for Defendants obtained the Summons, Complaint, and Amended Complaint from the NYS ECF System and was therefore fully aware that the Amended Complaint (which asserts the same exact causes of action, seeks the exact same amount of damages, and only provides minimal additional further amplification of Plaintiff's damages) was the pleading Defendants were required by both New York law and Federal law to timely respond to.

In *Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897, 899 (11th Cir. 1990), the defendant, as in the case at bar, brazenly took the position to that they did not need to bother to respond to the complaint because the district court never obtained personal jurisdiction over him, alleging that service of process did not strictly conform with the law. When a defendant alleges a defective summons is served, the defendant has the right, and indeed the duty, to assert the defense of insufficient process in a motion or responsive pleading. A defendant who waits until collateral attack to challenge the process, does so at his or her own peril. If the district court later determines that the summons is in substantial compliance with Rule 4(b), F.R. Civ. P., and the defendant has not been prejudiced by the defect in the process, we conclude that the defense of insufficient process has been waived. *Sanderford,* 902 F.2d at 898.

Technical errors that are neither misleading nor prejudicial can be cured through an amendment, the right to which should be liberally granted. *See* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1088 (4th ed. 2013) (stating leave to amend technical

9

errors in summons should be liberally granted); *see also Doe v. Constant*, 354 Fed.Appx. 543, 546 (2d Cir. 2009) (quoting *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir. 1972)) ("Rule 4(a)(1)(B) of the Federal Rules of Civil Procedure provides only that a summons 'be directed to the defendant,' and this rule is 'to be liberally construed, to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice' "); *Time Prods. v. J. Tiras Classic Handbags, Inc.*, No. 93 CIV. 7856 (CSH), 1994 WL 363930, at *4 (S.D.N.Y. July 13, 1994) ("Courts liberally construe the process requirements under Rule 4[ ]. As long as the summons is sufficiently accurate to give proper notice, the error will be deemed harmless and the party will be allowed to amend the summons.").

Similarly, in *Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897, 899 (11th Cir. 1990), the defendant argued, like the defendants in this case, brazenly took the position to that they did not need to bother to respond to the complaint because the district court never obtained personal jurisdiction over him, alleging that service of process did not strictly conform with the law. In *Sanderford,* like in the case at bar, the defendants had complete knowledge of the pendency of the action. *Id.* at 901. The court observed that the defendants had received notice of the pendency of the action. *Id.* The court held that it had personal jurisdiction over the defendant, that the summons served on him was in substantial compliance with Fed. R. Civ. P. 4(b) and that "by his studied indifference and deliberate inaction to subsequent notices, he was not prejudiced by any alleged defect in the summons. It follows, therefore, that it can be said that [the defendant] waived the defense of insufficiency of process." *Id.* at 901.

Service of process is primarily a notice giving device ("The primary function of Rule 4 is to provide the mechanism for bringing notice of the commencement of an action to defendant's attention and to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit." 4

10

C. Wright & A. Miller, Federal Practice & Procedure: Civil 2d § 1063, at 225 (1987). Even assuming, *arguendo*, that the Summons was defective because it referenced the Complaint, it clearly succeed in giving notice of the commencement of this suit as evidenced by the timely removal, and prompt participation in matters before this Court without objection. *See Santos v. State Farm Fire and Casualty, Co.*, 902 F.2d 1092, 1096 (2d Cir.1990) (noting the defendant's duty to promptly alert plaintiffs of deficiencies with service of process). Accordingly, not only was there no prejudice occasioned by these defects, *see United States v. Carney*, 796 F.Supp. 700 (E.D.N.Y.1992), but Defendants retaining counsel and participation in defending the case by removing and then failing to timely move to dismiss under Rule 12(h) or answer and assert an affirmative defense of improper service and lack of personal jurisdiction constituted a waiver. *Santos*, 902 F.2d at 1096. *See also Durant v. Traditional Invs., Ltd.*, No. 88-CV-9048, 1990 WL 336611, at *4 (S.D.N.Y. Mar. 22, 1990) ("When the error in the summons goes to form rather than substance, amendment ... should be freely granted ... as courts should not deny a plaintiff her day in court due to technical imperfections in service.") *Macaluso v. N.Y.S. Dep't of Envtl. Conserv.*, 115 F.R.D. 16, 17 (E.D.N.Y. 1986) (stating that "amendments to process are freely given because courts do not wish to deny plaintiffs their day in court for failure to observe mere technicalities");

In sum, the defendants' position, that they can avoid timely filing a motion to dismiss without waiving personal jurisdiction is directly at odds with the plain language of Rule 4, Rule 12, and Rule 55 and is at odds with precedent of the United States Supreme Court. *See also, Federal Home Loan Mortg. Corp. v. Dutch Lane Associates*, 775 F. Supp. 133, 136-137 (S.D.N.Y. 1991)(holding that where the defendants failed to file a pre-answer motion challenging personal jurisdiction the court would be compelled to hold the improper service defense waived unless it found that the defendants successfully raised it in their answer).

### E. Service was Properly Effectuated on Defendants

The Defendants do not dispute that they were residing at their address in at 53 Oxford Landing, Weehawken, New Jersey where they were both properly served on October 10, 2019, January 4, 2020 and again on January 8, 2020. Nor do the Defendants refute that a copy of the summons, complaint, amended complaint and Notice of Commencement were mailed to their residence marked "personal and confidential" in accordance with CPLR 308(2). Likewise, Defendants do not dispute that they work and were properly served at Jump 450 Media.

Federal Rule of Civil Procedure 4(e) permits service by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) . . . leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." C.P.L.R. § 308(2) permits delivery of a summons "to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his or her last known residence."

New York courts routinely deem just *three* attempts at in-person service at different times over the span of several days to constitute sufficient due diligence. *See, e.g., Heywood Condo. v. Wozencraft*, 148 A.D.3d 38, 45 (1st Dep't 2017) (three attempts sufficient to satisfy due diligence); *Krodel v. Amalgamated Dwellings, Inc.*, 139 A.D.3d 572, 573 (1st Dep't 2016) (same). *See also Farias v. Simon*, 73 A.D.3d 569, 570 (1st Dep't 2010) (several attempts to serve defendants in person at various times of the day at home satisfied due diligence for nail and mail service); *Dunleavy v. Moya*, 237 A.D.2d 176, 176 (1st Dep't 1997) (three attempts to serve defendant in person over a single weekend satisfied due diligence for nail and mail service).

Doorman, "desk clerks," or "concierges" are routinely held to be "person[s] of suitable age

and discretion" pursuant to CPLR 308(2) and delivery to such is proper where the process server is prevented from accessing the defendant's door. *See, e.g., F. I. Du Pont, Glore Forgan & Co. v. Chen*, 41 N.Y.2d 794, 798 (1977) ("if a process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested"); *Al Fayed v. Barak*, 39 A.D.3d 371, 372 (1st Dep't 2007) ("service was properly left with the doorman of defendant's building, access to the building having been prohibited to the process server.

A review of the Padilla Dec., the Brown Dec. and the Castellanos Dec., and the affidavits of service and exhibits annexed thereto, confirm that service was proper on the Defendants on multiple dates. It is well-established that a process server's affidavit of service creates a presumption that service is proper. *See Old Republic Ins. Co. v. Pacific Financial Services of America. Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) ("In New York, a process server's affidavit of service establishes a *prima facie* case of the account of the method of service"); *De Curtis*, 529 F. App'x at 86 ("A process server's sworn statement of service creates a presumption that service has been effectuated"); *United States v. Jost*, 9 F. Supp. 3d 303, 306 (W.D.N.Y. 2014) ("The process server's affidavit demonstrates proper service pursuant to Section 308(4) of the CPLR").

First, Mr. Padilla was not able to effectuate delivery on a security doorman or concierge because he only communicated through a remote intercom with security at Defendants residence in Weehawken, NJ. Further, Mr. Padilla was provided access to the Defendant's apartment on three occasions which allowed "nail and mail" service by affixing the papers to the door of Defendants' apartment on October 10, 2019 as permitted by New York law. *See Padilla Dec.*

Second, Mr. Brown was prevented from gaining access to the Defendants' work office as a result of Defendants' unwillingness to add him to the guest list, the company representative

13

Jeremy not allowing access to the floor, or agreeing to accept service. Pursuant to controlling New York case law cited herein, service by Mr. Brown on Nyeesha Ashley of Mulligan Security at the security desk was proper service on a person of suitable age and discretion. *See Brown Dec.*

Third, Mr. Castellanos properly served the concierge Edward Tappin on January 4, 2020 when he was prevented from gaining access on three separate occasions to the Defendants' apartment after using the call bell to their apartment. See Castellanos Dec. Finally, a forth proper service was effectuated on January 8, 2020, a mere 3 days after the 120 day deadline to effectuate process from filing of the lawsuit on September 6, 2019, when Mr. Castellanos was able to personally serve Defendants at their home, by Defendant Jessica Cohen accepting service. As explained in the moving papers and herein, it is well within this Court's discretion to extend the 120 day deadline, if the Court somehow were to deem the prior three attempts not valid, by a 3 days when the Defendants were personally served at their home. See Castellanos Dec.

While, as a general rule, a defendant can rebut this presumption by submitting a sworn denial of receipt of service and thereby obtain an evidentiary hearing, "[n]o hearing is required . . . where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *SEC v. Napolitano*, No. 99-CV-4807, 2006 U.S. Dist. LEXIS 82016 (E.D.N.Y. Nov. 3, 2006) (quoting *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002)). This is exactly what happened here. Glaringly missing from Defendants' opposition papers are a single Declaration or sworn statement refuting the service attempts or that they were successfully completed. Just as with respect to liability where Defendants do not have a defense, the Defendants are without any sworn statements or supporting fact that they have not been properly served on multiple occasions.

**F. <u>Good Cause Exists to Extend the Deadline for Service (if necessary)</u>**

Under Fed. R. Civ. P. 4(m), if a plaintiff shows good cause for its failure to effect service within the applicable timeframe, the court "must extent the time for service for an appropriate period." Good cause exists where the plaintiff has made multiple, diligent attempts to locate and serve the defendant. *See Cold Spring Const. Co. v. Spikes*, 2012 WL 41967, at *1 (W.D.N.Y. Jan. 9, 2012). Courts also find good cause "when a defendant has been evasive or uncooperative with respect to a plaintiff's diligent attempts at service." *Corrado v. New York Unified Court System*, 163 F. Supp. 3d 1, 15-16 (E.D.N.Y. 2016).

The 1993 amendments to the Federal Rules of Civil Procedure, afford district courts broad discretion under Rule 4(m) to grant extensions even absent good cause. As a result, a district court may extend the time to serve if, after balancing the relative prejudice to the parties and considering all relevant factors, it concludes that such an extension is justified. *See, e.g.*, *Zapata v. City of New York,* 502 F.3d at 198–99.

Here, ample grounds exist for an extension of time to effect service. First, Plaintiff has made diligent efforts to serve Defendants at their residence and place of business, and have been frustrated in each attempt by Defendants' evasion of service. Second, Defendants have had actual notice of this action since at least November 13, 2019, the date their counsel, Mr. Kasell, filed Defendants' Notice of Removal of this action, which attached copies of the Summons and Amended Complaint. Finally, there can be no prejudice to Defendants.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant the relief sought herein in its entirety, as well as such additional and different relief that this Court deems just and proper.

Dated: White Plains, New York
February 11, 2020

Respectfully submitted

By: _____
Michael W. Freudenberg (MF-4425)
Harrington, Ocko & Monk, LLP
*Attorneys for Plaintiff*
81 Main Street, Suite 215
White Plains, New York 10601
(914) 686-4800

16