# Kasell Law Firm

February 12, 2020

Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 15D
New York, NY 10007-1312

**Re: Pre-motion Letter in Anticipation of Motion to Dismiss of the Pretrial Conference in *Hyman v. Fabbri et al.*, No. 19 Civ. 10506**

Judge Torres:

I am counsel for Defendants in the above-captioned action. Pursuant to Rule III.A of this Court's Individual Rules, I submit this pre-motion letter setting forth the grounds for Defendants' motion to dismiss for insufficient process, Fed. R. Civ. P. 12(b)(4), as well as insufficient service of process, Fed. R. Civ. P. 12(b)(5).

Plaintiff's summons is fundamentally defective as it commands Defendants to answer the complaint, a document without legal effect once it was superseded by the amended complaint. This is an error that Plaintiff could have easily fixed but did not. Plaintiff also failed to exercise due diligence in effectuating personal service on Defendants or another suitable person before using nail-and-mail alternative service. Finally, Plaintiff otherwise failed to comply with New York law in providing the proper affidavits in time.

## The Summons is Defective

In this case, "process" consists of Plaintiff's summons and complaint.[1] Motions to dismiss based on the process, as opposed to the service of process, are properly brought under Rule 12(b)(4) of the Federal Rules of Civil Procedure. *See* 5A Charles Alan Wright

---

[1] "Process" is a hoary term that refers to the initiating papers such as the summons and complaint, a summons with notice (under New York law, CPLR § 304), a writ, or a petition (*e.g.*, a petition to compel arbitration). *Cf. Wayman v. Southard*, 10 Wheat. (23 U.S.) 1 (1825) (Congress had delegated to the courts the power to prescribe judicial procedure in a case that arose because the marshal had followed Kentucky procedures.) (Marshall, C.J.); *McBratney v. Usher*, 15 F. Cas. 1215, 1 Dill. 367 (Cir. 1870).

# Kasell Law Firm

& Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1353 (2d ed. 1990). Plaintiff filed her summons in New York state court on September 6, 2019. Plaintiff then filed her complaint. Six days later, Plaintiff filed an amended complaint. It is well-established that an amended complaint supersedes the original complaint. *See Chalasani v. Neuman*, 64 N.Y.2d 879 (1985) (appeal was moot upon amendment). Plaintiff never filed an amended summons, however.

An amended complaint invalidates documents related to the original complaint. For example, "[s]ince an amended complaint supplants the original complaint, it would unduly prejudice a defendant if it were bound by an original answer when the original complaint has no legal effect." *R&G Brenner Income Tax Consult. v. Gilmartin*, 166 A.D. 3d 685 (N.Y. App. Div. 2018) (quotations marks and citation omitted).

So, too, in this case the amended complaint invalidated the summons. The summons erroneously instructs Defendants to answer the complaint, a document that has no legal force. Indeed, any answer to the current summons will have no legal effect.

Plaintiff simply failed to amend the summons even though this could have easily been done under CPLR § 305(c) without permission of the court prior to service (a practice common in New York). Plaintiff seemingly concede that the summons is erroneous in its filing submitted yesterday at less than seven minute to midnight (Dkt. #46 at 8-11) but argue that (1) this mistake is "technical" and (2) can easily be amended.

The first argument lacks merit because instructions on what document to answer -- just like the date of a hearing or which court the complaint was initiated in -- are fundamental. A summons simply may not contain directions that are likely to confuse or mislead a defendant (such as the correct return date) particularly because summons are served on defendants before their attorneys have appeared. Indeed, summons should be clear so that *pro se* defendants will understand how to respond.

The second argument overlooks (perhaps purposefully) that Plaintiff has failed to move to amend the summons at any point in this litigation but, instead, seek to file the same Summons on Defendants. Even the Order to Show Cause does not allow for an amendment. The fact that Plaintiff has failed to move to amend the summons likely reflects her counsel's knowledge a summons that is jurisdictionally defective fails to toll

# Kasell Law Firm

the statute of limitations pursuant to CPLR § 203 (b)(5). *See, e.g.*, *Kaplan v Manoli*, 100 A.D.2d 928, *aff'd* 64 N.Y.2d 849 (1985).

Serving a jurisdictionally defective summons does not commence an action. The statute of limitations continues to run. If the case is dismissed because of the defect and time has expired, the action is time-barred. *See Wells v. Mt. Sinai Hospital*, 196 A.D.2d 749 (N.Y. App. Div. 1993).

In sum, because the summons is defective, this Court does not have jurisdiction over Defendants. Defendants previously raised this argument in their opposition including the fact that Plaintiff has the burden of proving jurisdiction. Thus, the Court should dismiss the Complaint under Rule 12(b)(4) of the Federal Rules.

**Plaintiff Failed to Exercise "Due Diligence" Before Relying on Nail-and-Mail**

The action should also be dismissed for failure to properly serve the process under Rule 12(b)(5) of the Federal Rules. It is well-established that service is invalid if defendant is not served in accordance with federal or state law, even if defendant concedes that it received actual notice. *See Macchia v. Russo*, 67 N.Y.2d 592 (1986); *see also* Dkt. #36. "[A]ctual notice of the suit does not cure this defect, since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court." *United States v. Thompson*, 921 F. 3d 82, 87 (2nd Cir. 2019); *see also Raschel v. Rish*, 69 N.Y.2d 694, 697 (1986) ("it is irrelevant that defendant may have actually received the documents").

Under the Federal Rules, proof of service "must be by the server's affidavit." Fed. R. Civ. P. (l)(1). Plaintiff has filed three sets of affidavits: (1) the "October Affidavits," (2) the "December Affidavits," and (3) the "February Affidavits." *See* Exhibit 1 attached (listing affidavits filed). In addition, yesterday, Plaintiff filed two declarations on the day that Plaintiff's Reply Memorandum of Law in Support of the Order to Show Cause for Default was due.

Plaintiff has long been aware that Defendants contended they had not been served as required under New York law. Indeed, on December 23, 2019, Defendants wrote to the Court: "Defendants have not failed to defend but rather are in the process of attempting to negotiate a proposed scheduling order on Defendant's anticipated motion to dismiss

# Kasell Law Firm

in light of the Initial Conference scheduled for January 21, 2020 at at 10:40 a.m. (Dkt. #5)." Dkt. #7. Rather than submit a joint-proposed briefing schedule, or accept the Court's suggestion to move for alternative service, which was prompted by Defendants' assertion of improper service (Dkt. #8), Plaintiff rushed for on an order to show cause. Any argument that Defendants "waived" this argument is without merit.

The fact that Plaintiff continues to file declarations in support of proper service (Dkt. ##43-45) demonstrates their complete awareness that the initial affidavits were insufficient. These most recent declarations are insufficient not only because the facts still fail to show due diligence but also because "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later." CPLR § 308(4). Even if the declaration showed "due diligence," it was filed an astounding **_125 days_** after the mailing. Plaintiff has not complied with CPLR § 308(4), the only section that allows for nail-and-mail.

As the Second Department recently held, "the requirement that an affidavit of service be filed within 20 days of the delivery or mailing . . . serves an important function. Timely filing of the affidavit of service is designed to give notice as to the plaintiff's claim of service and permit the defendant to calculate the time to answer."*Estate of Perlman v. Kelley*, 175 A.D. 3d 1249 (N.Y. App. Div. 2019); *see also Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 660 (S.D.N.Y. 1997) (holding "service under Section 308(2) [a similar provision] is ineffective where a plaintiff does not file proof of service with the clerk within twenty days of the date on which the process server mailed the summons and complaint.").

Any extension of the time to serve process would prejudice Defendants. "It is common knowledge that New York's application of statutes of limitations is defendant-oriented." Jay C. Carlisle II, *Recent Statute of Limitations Developments in the New York Court of Appeals*, 30 Pace Law Review 1158, 1158 n.6 (2010) (citation omitted). "Repose seems to be the paramount policy consideration in New York." *Id.* at 1159.

Defendants' motion will argue that Plaintiff had three years to file a proper summons and complaint. Plaintiff waited until six days before the end of the statute of limitations and then amended the complaint without amending the summons. Plaintiff then utterly failed to exercise due diligence or otherwise provide the court with sufficient or timely affidavit to serve in time. Plaintiff offers no justifiable excuse for such conduct.

# Kasell Law Firm

Repectfully,

/s/*David Kasell*

David Kasell, Esq.
Kasell Law Firm
1038 Jackson Avenue, Suite 4
Long Island City, New York 11101
(718) 404-6668