# Kasell Law Firm

February 12, 2020

Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 15D
New York, NY 10007-1312

    **Re: Defendants' Anticipated Motion to Stay Discovery in *Hyman v. Fabbri et al.*, No. 19 Civ. 10506**

Judge Torres:

Pursuant to Rule III.A of this Court's Individual Rules, I submit this pre-motion letter setting forth the basis for the motion to stay discovery pending this Court's decision on whether the Court has jurisdiction over Defendants. As set forth in the opposition brief submitted last week, the Court lacks personal jurisdiction over Defendants because (1) Plaintiff's summons is defective, and (2) Plaintiff has failed to serve a correct, amended summons and the Amended Complaint on Defendants as required under Fed. R. Civ. P. 4 and CPLR § 308. *See* Dkt. #36.

A district court has the authority to stay discovery during the pendency of a motion to dismiss for "good cause" under Fed. R. Civ. P. 26(c). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

A stay of discovery is also an appropriate exercise of this court's inherent power. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)); *see also Design Trend International Interiors, Ltd. v. Huang*, 2007 WL 2683790 (D. Ariz. Sept. 7, 2007) (the Court *sua sponte* temporarily stayed discovery until further briefing submitted); 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040 (2d ed. 1994). Thus, this Court may and, it is respectfully submitted, should temporarily stay discovery pending its decision on the motion.

# Kasell Law Firm

In this District, courts balance three factors in determining whether "good cause" exists for a stay of discovery: (1) the strength of movant's underlying motion, (2) the breadth and burden of discovery; and (3) the prejudice resulting to the non-moving party from a stay. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *Anti-Monopoly, Inc.*, 1996 WL 101277, at *2-4; *see also* 2 Michael C. Silberberg, Edward M. Spiro & Judith L. Mogul, *Civil Practice in the Southern District of New York* 235 at 302 (2015-2016 ed.).

Defendants' argument on the motion to dismiss is that (1) the summons is fundamentally defective, and (2) Plaintiff failed to exercise due diligence before using the alternative nail-and-mail service. These arguments are strong. In fact, Plaintiff's counter-argument is merely Defendants waived objection to service but this is belied by the fact that Defendants "attempt[ed] to negotiate a proposed scheduling order on Defendant's anticipated motion to dismiss" The sole reason that the motion was not scheduled is that Plaintiff rushed forward to procure an order to show cause on default (Dkt. #7). The weakness of Plaintiff's position is apparent.

Discovery in this case will clearly be substantial, broad, complex, and expensive. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437, 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009); *Am. Booksellers Ass'n, Inc. v. Houghton Mifflin Co.*, No. 94-Civ-8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995). The case involves allegations that two defendants negligently set fire to a building and Plaintiff sustained $17 million in damages including damages related to her emotional well-being. Multiple depositions on third-parties and expert reports will be needed at the very least.

Finally, Plaintiff cannot contend she will be prejudiced given that she already requested an order to show cause as to Defendants' default. Indeed, if Plaintiff were to prevail on this order to show cause, the need for discovery would also be obviated. Moreover, the jurisdictional issue will necessarily need to be resolved first if either party files a motion to compel or quash if and when a discovery dispute arises.

Because jurisdiction involves a threshold issue that may eliminate the case in its entirety, courts across the country and in this District "have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending" *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 674 (S.D. Cal. 2011); *Cartier v. D&D Jewelry Imports*, 510 F. Supp. 2d 344, 345 (S.D.N.Y. 2007); *Ginsberg v. Government*

# Kasell Law Firm

*Properties Trust, Inc.*, 2007 WL 2981683 at *4 (S.D.N.Y. Oct. 10, 2007); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (holding that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action"); 8 Charles Allen Wright *et al.*, *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994).

As Defendants will argue on the motion: "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) (quotation marks omitted). Defendants respectfully request that a briefing schedule be set.

Repectfully,

/s/*David Kasell*

David Kasell, Esq.
Kasell Law Firm
1038 Jackson Avenue, Suite 4
Long Island City, New York 11101
(718) 404-6668