

81 Main Street, Suite 215 | White Plains, NY 10601
Tel: 914.686.4800|Fax: 914.686.4824

KEVIN J. HARRINGTON, PARTNER
kharrington@homlegal.com

February 20, 2020

**Via ECF**
Hon. Analisa Torres
United States. District Judge
United States District Court-SDNY
500 Pearl Street
New York, NY 10007

    Re:    Sydney Hyman v. Andrew Fabbri and Jessica Cohen
              Case No. 19-civ. 10506 (AT)

Dear Judge Torres:

    Our firm represents Plaintiff Sydney Hyman ("Plaintiff" or "Hyman"). Pursuant to Section III (A) and (B) of Your Honor's Individual Practices in Civil Cases ("Individual Practices"), we are writing in opposition to the untimely and improper pre-motion letter filed by counsel for Defendants Andrew Fabbri and Jessica Cohen ("Defendants") on February 12, 2020 [Doc. 47] seeking this Court's permission to file a motion to dismiss the Amended Complaint. For the reasons set forth below, Defendants' request to file such motion should be denied.

    Defendants come before the Court with "unclean hands" as they have purposefully engaged in multiple acts to "dodge service" of the Summons and Amended Complaint in this action. Their acts including falsely denying their identity and then slamming their front door in face of the process server to prevent delivery of the Summons and Amended Complaint, followed by on subsequent dates, refusing to come to the door after learning the process server was present, followed by instructing the security department in their building complex not to allow the process server into their residential building, followed by multiple instances of refusing to allow the process server up to the reception area in the floor of the building where defendants work; and also having security give the excuse that Defendant Fabbri was always in meetings, could not be disturbed and finally that they had been instructed by Fabbri's subordinate not to accept any deliveries for Defendant Fabbri.

    In like-minded fashion, Defendants counsel has embarked on a deliberate litany of statutory and rules violations, all with common goal to delay adjudication of this case and to deny information to the Court and to Plaintiff's counsel to try to "run out the clock" on Plaintiff's ability to consummate effective service within the statutory period. Defendants' plan was to use these tactics to create a defense to Plaintiff's meritorious claims under the Statute of Limitations by thwarting all of Plaintiff's due diligence efforts to achieve timely service and to simultaneously delay in presenting their objection to the summons served with the Amended Complaint to Plaintiff's counsel and the Court, so that Plaintiff would not take timely steps to correct any alleged error in order in insure proper and complete service.

Defendants' counsel began the process by timely removing the case to this court under FRCP Rule 81 by filing the Notice of Removal on November 13, 2019 [Doc. 1], within 30 days of service of the Summons and Amended Complaint, after Defendants were properly served on October 10, 2019. However, (despite telling this Court that they would serve the Notice of Removal on Plaintiff's counsel and file a notice of removal with the Supreme Court), Defendants counsel effectively kept the removal a secret by not making these required disclosures. The undersigned counsel for Plaintiff only learned of the removal when we were contacted by Court personnel inquiring as to whether we would be challenging removal.

Defendants had the option of asserting a defense to the lawsuit enumerated under Rule 12(h), including the defenses of lack of personal jurisdiction, improper venue, insufficient process or insufficient service of process, either by timely filing a motion to dismiss asserting those defenses or filing an answer asserting those affirmative defenses within 21 days of removal or as required by Rule 12(h). Rule 81 requires that after removal, a defendant shall answer or file a dispositive motion within 21 days (on or before December 4, 2019). Defendants willfully refused to meet this deadline to answer or move (by filing a pre-motion letter as required by Individual Practices Rule III (B)(ii) on or before December 4, 2019). Defendants' counsel instead made the conscious tactical decision to do neither, by intentionally defaulting. In making the decision to neither answer and assert these as affirmative defenses or alternatively seek to file and proceed to file a motion to dismiss; based upon these same defenses, Defendants have expressly waived the defenses of lack of personal jurisdiction, insufficient process, and insufficient service of process that are enumerated in FRCP Rule 12(h)(1)(B).

Defendants filed their Removal Notice on November 13, 2019 [Doc. 1]. Rule 81 requires that after removal, a defendant shall answer or file a dispositive motion within 21 days (on or before December 4, 2019). Defendants willfully refused to meet this deadline to answer or move (by filing a pre-motion letter as required by Individual Practices Rule III (B)(ii) on or before December 4, 2019). Indeed, Defendants have still not answered and only made an application by letter motion to file a motion to dismiss on February 12, 2020; more than 2 months after the deadline to do so. Defendants intentionally defaulted despite their awareness that this lawsuit involves significant damages Plaintiff has and continues to sustain both personally and professionally as a result of the destruction of her residential and work loft located on the entire third floor of 51 Greene Street, Condominium Unit 3, New York, New York 10013 ("3rd Floor Unit"), as well as related damages, due to the recklessness and negligence of the Defendants in discarding smoking materials while still lit on the roof deck of the building[1].

On January 3, 2020 Plaintiff filed an Order to Show Cause seeking to enter a default judgment against plaintiff or alternatively seeking relief in the form of additional time to effect good and sufficient service. Thereafter, Defendants intentionally disregarded Your Honor's Individual Practices, disregarded requests by Plaintiff's counsel and the Court to accept service through counsel and stipulate to a date for Defendants' to respond to the Complaint, and instead intentionally defaulted. Now, after deliberately waiting for the 120 day period to expire after the Summons and Complaint was filed on September 6, 2019, Defendants belatedly and with the utmost prejudice to Plaintiff, ask Your Honor to grant

---

[1] Importantly, it should be noted that in opposing Plaintiff's motion seeking a default judgment, Defendants submit solely a Memorandum of Law and fails to submit any sworn statements refuting liability, damages, and/or that deny that the Defendants were in receipt of and were properly served with the Summons and Amended Complaint on October 10, 2019 at their home.

permission to file a motion to dismiss, despite a complete and intentional disregard of the Federal Rules, the Individual Practices[2] and despite the evident resulting prejudice to Plaintiff.

Now, Defendants' pre-motion letter is also in direct violation of Rule III(B)(ii) of Your Honor's Individual Practices, which required the Defendants to exchange two sets of pre-motion letters, (with the first set due on or before December 4, 2019). Defendants have never sent to Plaintiff the required first set of pre-motion letters in seeking permission to file their untimely motion to dismiss. Rule III(B)(ii) provides ion pertinent part as follows:

> "First: Before the time to file a responsive pleading has expired, the defendant shall send plaintiff a letter not exceeding three single-spaced pages, seeking a more definite statement or setting forth the specific pleading deficiencies in the complaint and other reasons or controlling authorities that Defendant contends would warrant dismissal. The plaintiff shall respond by similar letter within five business days indicating the extent, if any, to which plaintiff concurs with defendant's objections and the amendments, if any, to be made to the complaint to address them, or the reasons and controlling authority that support the pleadings as filed. The parties shall not submit copies of these letters to the Court. If the time to amend the complaint has expired, the plaintiff may seek leave to amend to address deficiencies identified in this first exchange of letters. Such leave to amend should be sought before the second exchange of letters described in Rule III(B)(iii) below. Under these circumstances, the Court will liberally grant the plaintiff leave to amend and will grant the defendant an extension of time to answer the complaint as appropriate. [Emphasis Added]

Defendants elected to intentionally ignore Rule III(B)(ii) by waiting until February 12, 2020 to file their pre-motion to dismiss letter which the Individual Practices clearly state must be filed "[b]efore the time to file a responsive pleading has expired". Defendants' pre-motion letter is untimely by at least **70 days**. These first sets of letters is critical. The first such letter required the Defendants to specify deficiencies in pleadings and other reasons and authorities that would warrant dismissal[3]. This Court's Individual Practices make clear that amendments to address defects to the complaint identified in the first exchange of letters are freely granted by the Court. This first set of letters was due to be served on Plaintiff's counsel on December 4, 2019, and more than a month before Plaintiff's deadline to consummate effective service would expire. Months later, in opposing Plaintiff's motion seeking a default judgment, Defendants now contend that a defect in the Summons requires dismissal. However, Defendants were required to put such allegation in a letter to Plaintiff specifying how service of process was defective, which would have and should have given Plaintiff over a month to amend or move to

---

[2] Defendants and Defendants' counsel previously litigated and filed a motion to dismiss before Your Honor in a related action pertaining to damage sustained by the same fire caused by Defendants on September 13, 2016 at 51 Greene Street, captioned *The Phoenix Insurance Company et al. v. Andrew Fabbri and Jessica Cohen*, Docket # 1:17-cv-08749-AT. As a result, the Defendants and their counsel were all fully aware of Your Honor's Rules and the proper and time sensitive requirements for filing a motion to dismiss.

[3] For the reasons set forth in detail in Plaintiff's Reply Memorandum in further support of Plaintiff's order to show cause, as well as the supporting Declarations from Plaintiff's counsel and the three process servers, the exhibits and affidavits of serviced annexed thereto, Plaintiff vehemently denies there were any defects in the Summons and/or effectuated proper service on the Defendants on multiple occasions at their home and place of business.

amend the Summons[4] and to take any further actions required to assure full and proper service of process. Any amendment to the summons could have and would have been requested and obtained in a timely manner once the required first exchange of letters was received and reviewed. By deliberately delaying in sending the required first exchange of letters to Plaintiff's counsel, Defendants intentionally denied Plaintiff the opportunity to take any and all corrective action (if any) required to address any alleged defect in the summons and to consummate good and proper service within the 120 day service period. Accordingly, this issues now untimely raised challenging the summons and good and sufficient service, would have been immediately addressed and corrected as needed.

Plaintiff was deprived of this benefit that Your Honor insists plaintiffs are entitled to. Further, Individual Practice III(B) says the Court will liberally grant a plaintiff leave to amend and then give a defendant an extension of time to answer. Now Defendants' attorney, on the day before the Initial Conference was scheduled for, sends his "First letter" not to us, as is required, but directly to the Court. Your Honor's rules are very clear on this: "The parties shall not submit copies of these letters to the Court." Defendants' blatantly violated the entire mandatory procedure and violated the prohibition against sending the first set of letters to Court. Moreover, Defendants' untimely pre-motion to dismiss letter date February 12, 2020 is really an impermissible sur-reply submission with respect to Plaintiff's pending order to show cause.

As evident by the Notice of Removal, Defendants did not object to personal jurisdiction, did not allege that they were not served with the Summons and Complaint, did not allege that they did not receive the Summons and Amended Complaint, and did not allege that they were confused about whether to respond to the Complaint or the Amended Complaint as Defendants. They do not allege they have suffered any actual lack of notice of the case or other form of prejudice, and the facts make clear that they could not make such showing even if they had tried.

For the reasons set forth herein and in Plaintiff's fully submitted papers in support of its order to show cause, Plaintiff respectfully requests that the Court deny Defendants' untimely and improper request to file a motion to dismiss, in violation of the Federal Rules and the Individual Practices of this Court.

Respectfully submitted,

s/Kevin J. Harrington

Kevin J. Harrington

KJH:mwf

---

[4] Technical errors that are neither misleading nor prejudicial can be cured through an amendment, the right to which should be liberally granted. *See* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1088 (4th ed. 2013) (stating leave to amend technical errors in summons should be liberally granted); *see also Doe v. Constant*, 354 Fed.Appx. 543, 546 (2d Cir. 2009) (quoting *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972)) ("Rule 4(a)(1)(B) of the Federal Rules of Civil Procedure provides only that a summons 'be directed to the defendant,' and this rule is 'to be liberally construed, to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice' "); *Time Prods. v. J. Tiras Classic Handbags, Inc.*, No. 93 CIV. 7856 (CSH), 1994 WL 363930, at *4 (S.D.N.Y. July 13, 1994) ("Courts liberally construe the process requirements under Rule 4[ ]. As long as the summons is sufficiently accurate to give proper notice, the error will be deemed harmless and the party will be allowed to amend the summons.").

Hon. Analisa Torres
Page 5


cc:     Counsel for Record, via ECF