```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/21/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SYDNEY HYMAN,

                Plaintiff,

-against-

ANDREW FABBRI and JESSICA COHEN,

                Defendants.

19 Civ. 10506 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff commenced this action by filing suit Supreme Court, New York County, on September 6, 2019, seeking damages suffered from a fire allegedly caused by Defendants. ECF No. 1-1. Defendants removed this action to this Court on November 13, 2019. ECF No. 1. Before the Court are 1) Defendants' pre-motion letter in anticipation of filing a motion to dismiss for insufficient process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), ECF No. 47, and 2) Defendants' request to stay discovery pending resolution of the anticipated motion to dismiss, ECF No. 48. For the reasons stated below, Defendants' request to file a motion to dismiss is DENIED without prejudice to renewal, and Defendants' request to stay discovery is DENIED with prejudice.

    I.    <u>Motion to Dismiss for Insufficient Process</u>

    Rule III.B of the Court's Individual Practices in Civil Cases provides that "in the case of a motion to dismiss, the parties shall exchange two set of pre-motion letters." Moreover, the first set of letters shall be served by defendant on the Plaintiff, "[b]efore the time to file a responsive pleading has expired." *Id.* "If, after the first exchange of letters, the defendant still wishes to file a motion to dismiss, the parties shall follow the steps set forth in Rule III(A) . . . for pre-motion letter, and this second set of letters shall be e-mailed to and filed with the Court." *Id.*

    Defendants filed their pre-motion letter on February 12, 2020. ECF No. 47. Defendants, however, failed to exchange the first set of pre-motion letters with Plaintiff, prior to filing their pre-motion letter. *See* ECF No. 55 at 3 ("Defendants never sent to Plaintiff the required first set of pre-motion letters in seeking permission to file their untimely motion to dismiss."). The Court may deny Defendants' request on that basis alone. *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 366 (S.D.N.Y. 2006) (denying plaintiffs' motion to remand without prejudice for failure to comply with court's individual practices requiring pre-motion letters).

    Accordingly, Defendants' request to file a pre-motion letter is DENIED without prejudice to refiling in accordance with the procedures set forth in the Court's Individual Practices in Civil Cases.

The Court must also note, however, that even if Defendants were to properly file a motion to dismiss pursuant to the Court's procedures, such a motion would likely be untimely. Under Federal Rule of Civil Procedure 81(c)(2), a defendant who did not answer a complaint prior to removal must answer or otherwise move within the longest of:

> (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
> (C) 7 days after the notice of removal is filed.

Assuming *arguendo*, that the longest time period of 21 days applies, and counting from the date Defendants removed this action to federal court, since at that point in time Defendants had clearly received, "through service or otherwise," a copy of the initial pleading as it was attached to their notice of removal, then Defendants time to answer or otherwise move expired on December 4, 2019.  The time for Defendants to answer or otherwise respond to the complaint, therefore, has seemingly expired.

II.     Motion to Stay Discovery

The Court does not stay discovery pending its resolution of any motion.  *See* Civil Case Management Plan and Scheduling Order ¶ 5 *available at* https://nysd.uscourts.gov/hon-analisa-torres; *see also* ECF No. 38-1 ¶ 5.  "[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992).  Accordingly, Defendants' request to stay discovery pending resolution of their anticipated motion to dismiss is DENIED.

SO ORDERED.

Dated: February 21, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge