March 19, 2020

Hon. Sarah L. Cave
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 702
New York, NY 10007-1312

> Re: **Defendants' Request to Modified the Scheduling Order in *Hyman v. Fabbri et al.*, No. 19 Civ. 10506 (AT) (SLC)**

Judge Cave:

I am counsel for Defendants in the above-captioned case. On March 3, 2020, the Honorable Analisa Torres ordered this case to be "referred to the Honorable Sarah L. Cave for the following purposes . . . General Pretrial (including scheduling, discovery, non-dispositive pretrial motions, and settlement)." Dkt. #63 at 1. Pursuant to this Order and Rule I.D. of this Court's Individual Rules, I write for two reasons -- both with the consent of Plaintiff's counsel.

*First*, Defendants request a one-month extension of certain dates related to fact discovery in the scheduling order entered by the Court two weeks ago. Dkt #61. These dates relate to the (1) initial requests for production of documents, (2) interrogatories, (3) depositions, (4) requests to admit, and (5) expert discovery. The request is based on the problems and delays caused by the current coronavirus (COVID-19) pandemic.

*Second*, Defendants' request -- without objection from Plaintiff -- that the date for a pre-motion letter requesting a motion for summary judgment (if any) be reset so that such a letter is due two weeks after the close of expert discovery rather than fact discovery. Under the current discovery order, "any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date in paragraph 5, *i.e.*, the close of fact discovery." Dkt. #61, ¶8. Fact discovery closes on July 1, 2020. Thus, the parties must request summary judgment by July 15, 2020.

Expert discovery, however, does not close until August 17, 2020. Dkt. #61, ¶7.a. Expert discovery is likely to be critical to determine whether either party should seek summary judgment because causation is a critical issue. By way of brief background, Plaintiff's single claim of negligence alleges defendants started a fire by negligently

1

disposing of "smoking material," presumably a cigarette or some other item, on a roof deck of a six-story building.

Assuming Plaintiff can prove that Defendants breached a duty of reasonable care, Plaintiff will need to produce sufficient evidence so that a jury could find that this material caused the fire and the alleged. Defendants contend that the fire was caused by a faulty HVAC unit on the roof that had needed repeated repairs or otherwise cannot be determined. In light of the need for expert testimony on the subject of causation, Defendants submit that the pre-motion letter be due two weeks after the close of expert discovery.

**Current Schedule**

The current discovery schedule is as follows:

a. Requests for production of documents are due today, March 19, 2020. *Id.* ¶6.a.

b. Interrogatories are due by March 26, 2020. *Id.* ¶6.b.

c. Depositions are due in two months by May 26, 2020. *Id.* ¶6.c.

d. Parties are to meet-and-confer on a schedule for expert disclosures by June 1, 2020. Expert disclosures include reports, production of underlying documents and depositions. The expert report(s) of the party with the burden of proof (*i.e.*, Plaintiff) is due before those of the opposing party's expert(s) (*i.e.*, Defendants). *Id.* ¶7.b.

e. Requests to admit are due in three months by June 17, 2020. *Id.* ¶7.d.

f. All fact discovery is to be completed by July 1, 2010. *Id.* ¶5.

g. Pre-motion Letter requesting summary judgment motion must be made in writing by July 15, 2020. *Id.* ¶8.

h. Case Management Conference before Judge Torres is scheduled for July 20, 2020, at 10:40 a.m. *Id.* ¶15.

      i. All expert discovery is due by August 17, 2020. *Id.* ¶7.a.

**Proposed Schedule and Reason for the request**

No previous requests for an extension have been made by either party. In addition, Plaintiff consents to this request for a one-month extension of the due dates for discovery (*i.e.*, the due dates for the initial requests for production of documents, interrogatories, depositions, requests to admit and expert discovery). Plaintiff also consents to requiring any pre-motion letters to be due after the close of expert discovery (*i.e.*, all discovery) rather than just fact discovery.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In making this determination, courts consider whether the deadlines of the current order can reasonably be met with due diligence and whether the opposing party will be prejudiced by an amendment. *See BPP Illinois, LLC v. Royal Bank of Scotland Grp.*, 859 F.3d 188, 195 (2d Cir. 2017) (citation omitted); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *see also* 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed. 2010).

The coronavirus pandemic has caused numerous disruptions of which the Court is no doubt aware. In light of this event, and the fact that Plaintiff consents (and thus no prejudice may be shown), Defendants request that the attached proposed amended scheduling order be entered by the Court, which also serves to change the date on which any pre-motion letters for summary judgment are due so that they are due once all discovery is closed.

Respectfully,
/s/ *M. Khan*
Khan Johnson LLC
20 F Street NW
Washington, DC 20001
(202) 810-2399
mkhan@khanjohnson.com
*Counsel for Defendants*

3