UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SYDNEY HYMAN,

                        Plaintiff,

      v.

ANDREW FABBRI and JESSICA COHEN a/k/a
JESSICA FABBRI,

                        Defendants.
----------------------------------------------------------X

19 Civ. 10506 (AT)(SLC)

## ANSWER

Defendants Andrew Fabbri ("Fabbri") and Jessica Cohen ("Cohen"), by and through their attorneys, answer the Amended Complaint with the following:

1.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Amended Complaint.

2.    Defendants admit that Fabbri leased property from non-party Brian Bomeisler and resided at a property at 51 Greene Street during a time period that included September 13, 2016. Defendants otherwise deny the allegations in Paragraph 2 of the Amended Complaint including, but not limited to, the allegation that this property had a "private enclosed roof terrace."

3.    Defendants admit that Cohen resided at a property at 51 Greene Street on September 13, 2016.

4.    Admit.

1

5. Defendants deny that the property had a "private, fence enclosed, roof deck terrace" but otherwise admit that they were on the "Terrace roof deck" on September 13, 2016.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint.

7. Admit.

8. Deny.

9. Deny.

10. Deny.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint.

12. Deny.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

`15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint.

16. The allegations in Paragraph 16 constitute legal argument to which no response is required; to the extent a response is required, Defendants deny the allegations.

17. The allegations in Paragraph 17 constitute legal argument to which no response is required; to the extent a response is required, Defendants deny the allegations.

18. Deny.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Amended Complaint.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Amended Complaint.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint.

24. The allegations in Paragraph 24 constitute legal argument to which no response is required; to the extent a response is required, Defendants deny the allegations.

25. The allegations in Paragraph 25 constitute legal argument to which no response is required; to the extent a response is required, Defendants deny the allegations.

26. In response to the allegations set forth in Paragraph 26, defendants repeat and reallege their responses to paragraphs 1 through 25 as if fully set forth herein.

27-39. The allegations in Paragraphs 27-38 constitute legal argument to which no response is required; to the extent a response is required, Defendants deny the allegations.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

40. The Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

41. The Amended Complaint fails to name the necessary party or parties that allegedly caused the injuries sustained by the Plaintiff.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

42. Defendants deny Plaintiff's allegations of negligence, liability, injury and damages. The injuries and damages allegedly suffered by the Plaintiff, if any (which injuries and damages are specifically denied by Defendants), were the result of culpable conduct or fault of third persons for whose conduct Defendants were or are not legally responsible, and the alleged damages recovered by the Plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages. Pursuant to Article 16 of the CPLR, if any alleged liability on the part of Defendants (which liability is denied) is found to be fifty percent or less of the total liability assigned to all parties liable, then the liability of Defendants for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each party causing or contributing to the total liability for non-economic loss. Insofar as Plaintiff's alleged

injuries and damages are the result of intervening and/or interceding circumstances and/or acts of superseding willful conduct, negligence, statutory liability, or strict liability on the part of parties over which or whom Deendants neither control nor have the right to control, Defendants contend that they are not legally responsible or answerable in damages for the consequences of such circumstances or the acts or omissions of said third parties.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

43. The amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

44. Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the alleged injuries, damages and/or disabilities alleged in the Amended Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

45. In the event Plaintiff recovers a verdict or judgment against Defendants, then said verdict or judgment must be reduced by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefits programs.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

46. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

## JURY DEMAND

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a jury on all the issues so triable.

**WHEREFORE**, Defendants Andrew Fabbri and Jessica Cohen demand judgment:

(a) Dismissing the Amended Complaint with prejudice;

(b) Awarding Costs, disbursements, and reasonable attorneys' fees incurred by Defendants in defending this action plus interest on any sums awarded thereunder; and

(c) For such other and further relief as this Court deems just and proper.

Date: April 2, 2020

Respectfully,

/s/ *M. Khan*
Khan Johnson LLC
20 F Street NW
7th Floor
Washington, DC 20001
(202) 810-2399
mkhan@khanjohnson.com
Counsel for Defendants