

81 Main Street, Suite 215 | White Plains, NY 10601
Tel: 914.686.4800 | Fax: 914.686.4824

MICHAEL W. FREUDENBERG, PARTNER
mfreudenberg@homlegal.com

December 4, 2020

*Via ECF*

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court-SDNY
500 Pearl Street, Courtroom 18A
New York, NY 10007

Re: Sydney Hyman v. Andrew Fabbri and Jessica Cohen
    Case No. 19-civ. 10506 (AT)

Dear Judge Cave:

We represent Plaintiff Sydney Hyman ("Plaintiff" or "Hyman") in the above referenced matter.

On March 19, 2020, counsel for Defendants, Murad Khan, Esq., submitted a letter motion (ECF Document 68) to Your Honor with our consent on behalf of Plaintiff, requesting a one-month extension of the due dates for discovery reflected in the March 3, 2020 Civil Case Management Plan and Scheduling Order (ECF Document 61). On March 20, 2020, Your Honor issued an Amended Civil Case Management and Scheduling Order (ECF Document 69) granting Defendants' extension request modifying the Civil Case Management Plan and Scheduling Order dated March 3, 2020.

On July 1, 2020 (ECF Document 73), we submitted a letter to Your Honor, on consent of Defendants' counsel, requesting an additional 120 days extension of time of the dates set forth in Your Honor's March 20, 2020 Amended Civil Case Management and Scheduling Order. On July 2, 2020, Your Honor issued a Second Amended Civil Case Management and Scheduling Order (ECF Document 74) granting the extension request.

The reasons for Plaintiff's request for an additional extension of time is as follows:

As previously reported, Plaintiff is still unable to reside in her home located at 51 Greene Street, Unite 3, New York, New York since September 15, 2016, the date of the fire that is the subject of this lawsuit (the "Fire"). Plaintiff has been forced to expend enormous resources of time and effort first to make and move into emergency alternate living arrangements and thereafter to find, to arrange and to move in and out of a series of (currently 11) temporary accommodations.

To date, Plaintiff has produced 81,451 pages of documents responsive to the Defendants' demands. Despite Plaintiff's best efforts, it has been extremely time consuming and challenging

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court-SDNY
December 4, 2020
Page 2

process for her to access, organize, and produce all responsive documents due to the above referenced issues. As explained in our July 1, 2020 letter, there have been additional obstacles that have prevented Plaintiff from accessing and removing hard copy files of documents responsive to Defendants' document demands in Plaintiff's storage unit located in the basement of 51 Greene Street. There are three ways to access the basement storage unit. First, the elevator that served as the principal means of access was severely damaged in the Fire and remains inoperable today. Second, the Commercial Unit on the ground floor (a clothing store that, unlike the Residential Units, was able to reopen after the Fire) has access to the basement but was closed since March due to COVID-19. The third and final means of access is through a hatch door to the basement that requires a ladder and is potentially hazardous due to the current compromised condition of the building.

Plaintiff was able to overcome these obstacles, as well as additional complications resulting from COVID-19 and the fact that Plaintiff has been living in a series of multiple alternate housing arrangements since the Fire. However, due to the extensive document production (81,451 pages to date), the barriers to access, Plaintiff having to single-handedly perform this function, and the time for counsel to review the documents prior to production, Plaintiff's responsive documents were not produced until yesterday.

To date, Defendants have not provided any responsive documents to Plaintiff's demands. We understand that Mr. Lehman, who was the attorney for the Defendants that was our primary contact, is no longer involved in the case. Yesterday, I spoke with Mr. Khan who confirmed same and advised that he would have to speak with his clients about discovery and agreeing to dates that are being requested by Plaintiff in the Proposed Third Amended Civil Case Management and Scheduling Order. I did let Mr. Khan know that I would be making this request today, have followed up by telephone but have not heard back from him as of the filing of this letter.

It is respectfully requested that under these most unusual circumstances, the Court please grant the requested extension of the dates in the Amended Civil Case Management and Scheduling Order. There will be no prejudice to any party by the extension. Defendants have yet to consent or object to this application. This is Plaintiff's second request for an extension of discovery deadlines. As referenced above, Defendants' first request for a 30 day extension of due dates for discovery was granted on March 20, 2020. The requested dates in the Proposed Third Amended Civil Case Management and Scheduling Order assume that Defendants will be timely producing their responsive documents to Plaintiff's discovery demands in the near future.

**Current Schedule**

The current discovery schedule is as follows:

1. All fact discovery is to be completed by November 30, 2020.

2. Parties must meet-and-confer to set a schedule for expert disclosures and

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court-SDNY
December 4, 2020
Page 3

    deposition by December 14, 2020.

    3.    All expert discovery is to be completed by January 18, 2020.

    4.    Pre-motion letter(s) on motions for summary judgment are due by February 1, 2020.

    5.    Depositions are to be completed by October 29, 2020.

    6.    Requests to Admit to be served by November 12, 2020.

**Proposed Schedule**

    A Proposed Third Amended Civil Case Management and Scheduling Order is attached to this letter respectfully requesting an adjournment of all of the above deadlines for the reasons set forth herein. It is respectfully requested that the attached or a similar proposed amended scheduling order be entered by the Court. Alternatively, that a conference be scheduled to discuss the remaining discovery and deadlines.

    Thank you in advance for your kind attention to this matter.

    Respectfully submitted,

    *Michael W. Freudenberg*

    Michael W. Freudenberg

MWF
Enc.

cc:    Counsel for Record (w/enc.), via ECF