

81 Main Street, Suite 215 | White Plains, NY  10601
Tel:  914.686.4800 | Fax:  914.686.4824

MICHAEL W. FREUDENBERG, PARTNER
mfreudenberg@homlegal.com

April 7, 2021

*Via ECF*

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court-SDNY
500 Pearl Street, Courtroom 18A
New York, NY  10007

> Re:   Sydney Hyman v. Andrew Fabbri and Jessica Cohen
> Case No. 19-civ. 10506 (AT)

Dear Judge Cave:

We represent Plaintiff Sydney Hyman ("Plaintiff" or "Hyman") in the above referenced matter.  We write, with the Defendants' consent, to request a final extension of the Discovery Order (which would make this the Fourth Amended Scheduling Order).  Due to circumstances beyond the control of any of the Parties, there has been delay in completing documentary discovery.  The Parties have been communicating to resolve any outstanding discovery on a regular basis, and will continue to do so.

A brief procedural history relating to Discovery in this case is as follows:

On March 19, 2020, counsel for Defendants, Murad Khan, Esq., submitted a letter motion (ECF Document 68) to Your Honor with our consent on behalf of Plaintiff, requesting a one-month extension of the due dates for discovery reflected in the March 3, 2020 Civil Case Management Plan and Scheduling Order (ECF Document 61).   On March 20, 2020, Your Honor issued an Amended Civil Case Management and Scheduling Order (ECF Document 69) granting Defendants' extension request modifying the Civil Case Management Plan and Scheduling Order dated March 3, 2020.

On July 1, 2020 (ECF Document 73), we submitted a letter to Your Honor, on consent of Defendants' counsel, requesting an additional 120 days extension of time of the dates set forth in Your Honor's March 20, 2020 Amended Civil Case Management and Scheduling Order.  On July 2, 2020, Your Honor issued a Second Amended Civil Case Management and Scheduling Order (ECF Document 74) granting the extension request.

On December 4, 2020 we submitted a letter to Your Honor (ECF Document 76) requesting an additional 120 days extension of time of the dates set forth in Your Honor's July 2, 2020 Amended Civil Case Management and Scheduling Order.  On December 7, 2020, Your Honor issued a Third Amended Civil Case Management and Scheduling Order (ECF Document 78) granting the extension request.

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court-SDNY
April 7, 2021
Page 2

As previously reported, Plaintiff is still unable to reside in her home located at 51 Greene Street, Unit 3, New York, New York since September 15, 2016, the date of the fire that is the subject of this lawsuit (the "Fire").  Plaintiff has been forced to expend enormous resources of time and effort first to make and move into emergency alternate living arrangements and thereafter to find, to arrange and to move in and out of a series of (currently 11) temporary accommodations.

The Parties are jointly requesting a final adjournment of the discovery deadlines as set forth in the attached Proposed Fourth Amended Civil Case Management and Scheduling Order. As explained below, COVID-19 pandemic combined with other issues have resulted in unexpected delays in the exchange of paper discovery and thus the scheduling of depositions. We believe that the parties are in a position to complete the remaining discovery within the dates set forth in the Proposed Fourth Amended Civil Case Management and Scheduling Order.

To date, Plaintiff has produced 81,451 pages of documents responsive to the Defendants' demands.  Despite Plaintiff's best efforts, it has been extremely time consuming and challenging process for her to access, organize, and produce all responsive documents due to the above referenced issues.  As explained in our July 1, 2020 letter, there have been additional obstacles that have prevented Plaintiff from accessing and removing hard copy files of documents responsive to Defendants' document demands in Plaintiff's storage unit located in the basement of 51 Greene Street.  There are three ways to access the basement storage unit.  First, the elevator that served as the principal means of access was severely damaged in the Fire and remains inoperable today.  Second, the Commercial Unit on the ground floor (a clothing store that, unlike the Residential Units, was able to reopen after the Fire) has access to the basement but was closed since March due to COVID-19.  The third and final means of access is through a hatch door to the basement that requires a ladder and is potentially hazardous due to the current compromised condition of the building.

Plaintiff was able to overcome these obstacles, as well as additional complications resulting from COVID-19 and the fact that Plaintiff has been living in a series of multiple alternate housing arrangements since the Fire.  However, due to the extensive document production (81,451 pages to date), the barriers to access, Plaintiff having to single-handedly perform this function, and the time for counsel to review the documents prior to production, Plaintiff's responsive documents were not produced until December 3, 2020.

While the Plaintiff produced 81,451 pages of materials; Defendants submit that her written Document Responses need to be supplemented.  The parties have conferred in good faith and are working towards a resolution on such responses.

Both Parties have answered Interrogatories.

The Defendants produced documents responsive to the Plaintiff's demands on April 6, 2021.  There are under 100 documents in number, but there was a delay in obtaining same due to

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court-SDNY
April 7, 2021
Page 3

a preexisting, serious medical condition one of the Defendants suffers from that was exacerbated by the COVID-19 Pandemic and quarantine.  The Defendants gathered their documents as quickly as they were able, recognizing this obstacle. Additionally, due to document security and technical issues at Defense Counsel's Office, there was an additional delay in getting the documents to the Plaintiff's Counsel.

Once written discovery is completed, the Parties do not anticipate any scheduling or other issues that will prevent completion of depositions and expert witness discovery.  Counsel has conferred, and verified that the dates proposed on the within Order are feasible for all involved.

It is respectfully requested that under these circumstances, the Court grant the jointly-requested extension of the dates set forth in the Proposed Fourth Amended Civil Case Management and Scheduling Order.  There will be no prejudice to any party by the extension.

**<u>Current Schedule</u>**

The current discovery schedule is as follows:

1.    All fact discovery is to be completed by March 29, 2021.

2.    Parties must meet-and-confer to set a schedule for expert disclosures and deposition by April 12, 2021.

3.    All expert discovery is to be completed by May 17, 2021.

4.    Pre-motion letter(s) on motions for summary judgment are due by June 7, 2021.

5.    Depositions are to be completed by February 8, 2021.

6.    Requests to Admit to be served by March 4, 2021

**<u>Proposed Schedule</u>**

A Proposed Fourth Amended Civil Case Management and Scheduling Order is attached to this letter respectfully requesting an adjournment of all of the above deadlines for the reasons set forth herein.  It is respectfully requested that the attached or a similar proposed amended scheduling order be entered by the Court.  Alternatively, that a conference be scheduled to discuss the remaining discovery and deadlines.

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court-SDNY
April 7, 2021
Page 4


        Thank you in advance for your kind attention to this matter.

Respectfully submitted,                    Respectfully submitted,

*Michael W. Freudenberg*                   *Murad Khan*

Michael W. Freudenberg                     Murad Khan
MWF

Enc.

cc:     Counsel for Record (w/enc.), via ECF