

<u>Via ECF</u>

Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court—SDNY
500 Pearl Street, Courtroom 18A
New York, NY 10007

June 3, 2021

> Re:    Sydney Hyman v. Andrew Fabbri and Jessica Cohen
> **<u>Case No. 19-civ. 10506 (AT)</u>**

Dear Judge Cave:

We represent the Defendants, Andrew Fabbri ("Fabbri") and Jessica Cohen ("Cohen") ("the Defendants"), in the above-referenced matter.  Please accept this letter in Opposition to the request of the Plaintiff, Sydney Hyman ("the Plaintiff"), of even date requesting a "final" extension of the Scheduling Order.

The operative timeframe for purposes of the Plaintiff's request is April 7, 2021(i.e., the date of the Fourth Amended Scheduling Order) to May 21, 2021 (i.e., the date of Plaintiff's Counsel letter to the undersigned seeking to schedule the Defendants' depositions).  Between those two dates, nothing whatsoever occurred discovery-wise to change the landscape in this matter; and, significantly, Plaintiff's Counsel does not introduce any new facts that have arisen. **The Fourth Amended Scheduling Order provided for depositions to be completed by April 19, 2021 yet Plaintiff's made no effort to schedule depositions prior to that date and waited more than one month to contact Defendants.** In fact, Defendants received no communications whatsoever from Plaintiff from April 7, 2021 to May 21, 2021to discuss the matter or request an extension. **After Plaintiff's email on May 21, 2021, the next communication from Plaintiff to Defendants did not occur until June 1, 2021.**

In order for the Plaintiff to successfully get the Scheduling Order amended, she must establish "good cause" to do so.  Federal Rules of Civil Procedure 16(b)(4) provides, *inter alia*, that a scheduling order "may be modified only for good cause with the judge's consent."

The Second Circuit has repeatedly stated that a finding of "good cause" to modify a scheduling order under Rule 16(b)(4) depends on the diligence of the moving party. *Parker v. Columbia Pictures Industries,* 204 F.3d 326, 340 (2d Cir. 2000).

Khan Johnson LLC
413 W 14th Street• 2nd Floor • New York, NY 10014
Phone 202-810-2399 • Fax 202-478-2399
info@khanjohnson.com  •  khanjohnson.com



In *Shemendera v. First Niagra Bank N.A.,* 288 F.R.D. 251 (W.D.N.Y. 2012), the plaintiff served notices to depose the defendant's representatives on a date to be determined, and sought defense counsel's consent to a "brief extension of time for the plaintiff to complete discovery with the fact depositions . . . ." *Id*. at 252.  Defense counsel declined, finding it unreasonable given the procedural history of the case; and stating that the plaintiff made no effort to schedule depositions until the discovery end date.  With that, the court agreed, declining to find "good cause" to modify the scheduling order.  *Id.*

In *Harris v. Computer Associates Intern., Inc.,* 204 F.R.D. 44 (E.D.N.Y. 2001), the plaintiff had ample opportunity to depose a Charles Wang during discovery.  The plaintiff delayed depositions until three days prior to the discovery completion deadline, which had been extended twice, and did not exercise diligence in obtaining discovery.  *Id*. at 44.  As such, no "good cause" was demonstrated to depose Wang.

Plaintiff's Counsel recycles the same reasons for this "final" request as they used for the last "final" (joint) request.  Plaintiff cites to the COVID-19 Pandemic and the (irrelevant) "delays in the exchange of paper discovery" (Plaintiff's Counsel's Letter, p. 2). Plaintiff further cites to the irrelevant and previously mentioned inability to reside in her home and production of 81,451 pages of documents (*Id*.).  That the Plaintiff is attempting to provide more documents to the Defendants (*Id*.) is something Defendant did not learn until Plaintiff's even date letter to this Court but also does not pertain to taking the Defendants' depositions. There is no reason or excuse which Plaintiff provides which prohibited them from contacting Defendant's counsel to schedule depositions prior to the April 19, 2021 deadline outlined in the Order. Plaintiff has not sufficiently demonstrated why they deserve continued extensions since they failed to contact Defendant from April 7, 2021 to May 21, 2021to discuss the matter or request an extension. Plaintiff further has not sufficiently explained why they waited more than a month after the deadline to communicate with Defendants or why the follow-up to their May 21, 2021 email did not occur until June 1, 2021, even though they were aware the deadline had long since passed.

Further, there was never any express "understanding" that there was some flexibility in completing, *inter alia*, depositions; nor did Plaintiff's Counsel communicate with the undersigned about the depositions until May 21, 2021, proposing dates for the Defendants' depositions on as early as June 9, 2021.

Plaintiff's Counsel's regurgitation of Defendants' delay in producing discovery (*Id*.) is irrelevant since it was produced by the time the Fourth Amended Scheduling Order was jointly proposed.  Nor has the Plaintiff's or her counsel's vaccination status (*Id*. at p. 3) have anything to do with conducting the Defendants' depositions before the relevant date.  Indeed, at no point in time did Plaintiff's Counsel advise the undersigned that vaccinations were at issue as remote video depositions were always an option to the Parties.



While the undersigned does agree with the importance of professional courtesies and discovery collaboration as the Parties have previously conferred on numerous occasions and agreed on a variety of matters. However, here, Plaintiff has plainly failed to demonstrate good cause for her failure to communicate or even schedule depositions in advance of the relevant date between April 7, 2021, and May 21, 2021, and/or to advise the undersigned that an extension of time was needed.  The Defendants respectfully request that the Court deny the Plaintiff's request to extend the Parties' agreed upon deadlines in the absence of good cause.

Finally, the undersigned must note that Plaintiff's Counsel has yet to provide adequate written responses to the Defendants' Request for Production of Documents despite numerous requests to the Plaintiff.  The responses given refer to the entire "document dump" or specifically, "P000001 – P081415" in every answer.  Plaintiff's Counsel has suggested that the documents were produced as kept in the "ordinary course of business," and yet this is an impossibility.

Federal Rule of Civil Procedure 34 places the burden on the proponent of demonstrating that documents made available were actually pursuant to an ordinary course of business. *S.E.C. v. Collins & Aikman Corp.,* 256 F.R.D. 403, 409-10 (S.D.N.Y. 2009. Not every litigant is a business or functions in the manner of a business.  In the present matter, the Plaintiff is an individual and not a business. Black's Law Dictionary defines a business as a "commercial enterprise carried out for profit; a particular occupation or employment habitually engaged in for livelihood or gain." *Id*. at 412.

In most cases, documents produced pursuant to Rule 34 will be organized by subject matter or category.  The Rule prohibits "simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought."  *Id*. at 410-11.

Even if the documents here could be justifiably produced "in the course of business," "documents must be produced organized by the subjects of the requests or organized as they are kept in the usual course of business by the producing party.

> The key to this dichotomy is the assumption that in either case the documents will be organized—that records kept in the usual course of business would not be maintained in a haphazard fashion.  Thus, regardless of the form chosen, the production will be useful to the requesting party, and neither choice will inject unnecessary time and cost into litigation.

*Id*. at 411.

Defendant is merely asking not to be buried in an avalanche of more than 81,000 documents so we can adequately prepare our defense. There can be no compelling

Khan Johnson LLC
413 W 14th Street• 2nd Floor • New York, NY 10014
Phone 202-810-2399 • Fax 202-478-2399
info@khanjohnson.com  •  khanjohnson.com



argument here that the documents were produced as kept in the "usual course of business."  There is no division between the over 81,000 pages; no categories; and no organization.  Rule of Civil Procedure Rule 34 requires that the producing party to see either that (a) the Plaintiff is a "commercial enterprise or entity" functioning "in the manner of commercial enterprises"; or (b) the records result from "regularly conducted activity."  *Id*. at 412.  When a producing party's activities are not "routine and repetitive" such as to require a well-organized record-keeping system—in other words, when the records do not result from an "ordinary course of business"—the party must produce documents that are organized and labeled to correspond to the categories in the request. *Id*. at 412-13.

Here, in light of the Plaintiff's failure to schedule depositions for a date within the deadline set forth in the Fourth Amended Scheduling Order—which the Plaintiff consented to and requested with all written discovery received—the Defendants cannot in good faith consent to appearing for deposition now that the deadline has passed. Plaintiff did not exercise proper diligence by waiting more than a month after the deadline here nor have they demonstrated cause for why they are entitled to a fifth extensions in this matter. Therefore, Defendants respectfully request that the Court deny the Plaintiff's request. Thank you.


Very Truly Yours,

Murad Michael Khan