

<u>Via ECF</u>
Hon. Sarah L. Cave
United States Magistrate Judge
United States District Court-SDNY
500 Pearl Street, Courtroom 18A
New York, NY  10007

      Re:    Sydney Hyman v. Andrew Fabbri and Jessica Cohen
               Case No. 19-civ. 10506 (AT)
               Defendants' Discovery/Sanction Requests

October 19, 2021

Dear Honorable Judge Cave:

We represent the Defendants, Andrew Fabbri ("Fabbri") and Jessica Cohen ("Cohen")("the Defendants"), in the above-referenced matter.  Further to the Parties' joint letter of September 24, 2021, the Defendants submit this letter in support of their requests for discovery sanctions/allowances to which there is no agreement with Plaintiff's Counsel.  These issues have been discussed on several occasions, with no resolution reached.

The Defendants are seeking the following as a result of continuing and prejudicial pattern of discovery violations by the Plaintiff:

        1.  Fact Discovery to be extended to December 15, 2021, <u>for the Defendants only</u>;

        2.  The Plaintiff is precluded from introducing any "damages" or other documents that have not been supplied or updated in accord with the Federal Rules of Civil Procedure and/or Discovery Orders;

        3.  The Defendants are entitled to reimbursement of all attorney fees/costs and Dr. Salvage's expert witness fees associated with reviewing documents the Plaintiff produced immediately before and after the Salvage deposition, and amending or supplementing his report; and

        4.  The Plaintiff has until October 31, 2021, to properly organize her most recent document production into categories that respond to the Defendants' Requests for Production.

Khan Johnson LLC
413 W 14th Street• 2nd Floor • New York, NY 10014
Phone 202-810-2399 • Fax 202-478-2399
info@khanjohnson.com • khanjohnson.com

1

KHAN JOHNSON

In December 2020, the Plaintiff produced over 81,000 pages of documents in response to the Defendants' Document Demand without written responses. Plaintiff's Counsel objected to this office's follow-up, claiming that the documents were produced as kept in the "ordinary course of business." Plaintiff's Counsel eventually offered electronic organization of the documents into various subfolders in mid-June 2021. The production was maintained in an electronic Box.com folder by Plaintiff's Counsel. Notably, the Plaintiff provided no sufficient damages breakdown.

Despite seeking extensive emotional distress damages, the Plaintiff's production did not contain records from her treating therapist. In the Summer 2021, this office asked Plaintiff's Counsel to confirm that the Plaintiff had no other records relating to her mental or physical health. After further prompting (on August 25, 2021), Plaintiff's Counsel apologized for not having produced folders containing relevant health records with the original production. The undersigned hurried to get the newly disclosed documents to the Defendants' experts for inclusion in their reports.

While Karen Landmann was designated as the Plaintiff's mental health expert, her files were not produced despite repeated requests. The Defendants' expert, Dr. David Salvage, issued his report based in part on Landmann's lack of documentation. On Friday (9/17/21 at 4:15 PM EST) before Salvage's Monday morning, deposition (9/20/21), Plaintiff's Counsel produced what was purported to be Landmann's file (consisting almost only of emails with the Plaintiff). The Plaintiff's failure to produce these emails herself was notable. Savage had no time to review the 68 pages produced. In the meantime, Plaintiff's Counsel insisted that Landmann had no records regarding the Plaintiff. It also became known to the undersigned that – contrary to her deposition testimony – the Plaintiff underwent therapy with another provider, whose records also were not produced outside of a lone email.

On September 14, 2021, without notice, Plaintiff's Counsel uploaded thousands of "new" documents to the Box.com folder. This was discovered by happenstance on September 17, 2021, by the undersigned. The production was a "smoking gun," demonstrating that (a) the Plaintiff's apartment suffered damage in 2013 that was not fully remediated by 2016; and (b) the Plaintiff made claims in 2013 that flatly contradict her testimony. The Plaintiff described the 2013 incident as a "professional, financial, and personal crisis" in which the "pressure is killing me", an "unhappy experience"; "wait(ing) to get my life back"; and "miss(ing) all professional deadlines." At deposition, she maintained that she had no mental health issues before the Fire, and that she never struggled with work deadlines.

When Defense Counsel communicated with him, Dr. Salvage indicated that the 2013 documents were salient to his opinion—but it would cost a great deal of time to review the 1000+ relevant documents for the purposes of an updated report.

Khan Johnson LLC
413 W 14th Street• 2nd Floor • New York, NY 10014
Phone 202-810-2399 • Fax 202-478-2399
info@khanjohnson.com • khanjohnson.com



On September 14, 2021, the Plaintiff deposed the Defendants' expert, James Bullock, about code and safety violations on the roof at the subject premises. At that time as in his report, Bullock questioned the timestamps on the videos from the night of the Fire.

On September 19, 2021, this office sent a Meet and Confer email to Plaintiff's Counsel listing the numerous discovery violations and the Defendants to that date.

On or about September 21, 2021, less than 48 hours before the Defendants were to depose Plaintiff's expert Jason Karasinski, Plaintiff's Counsel served a "supplemental" report from him which relied upon an unsigned, undated report from a person never been designated as an expert.  Defense Counsel objected to the attempt to get a new expert in; eventually, Counsel agreed to the postponement of all depositions until these issues could be addressed.

It is the undersigned's understanding that Plaintiff's Counsel intends to continue to offer discovery documents.  One of the justifications has been that the Plaintiff was unable to go through storage boxes at her apartment due to the Fire; however, many if not most of the documents produced are obviously electronically stored.  While Plaintiff's Counsel maintains that documents were produced "in the ordinary course of business," moreover, Counsel also represented that it took the Plaintiff "hundreds of hours" to organize the documents.

Additionally, the Plaintiff has failed to comply with her Disclosure Obligations as to damages, and Plaintiff's Counsel has been outspoken that it was the Defendants' obligation to demand such information when asked.

The Defendants have been and continue to be prejudiced by these discovery violations.  It forced the undersigned to cancel travel plans, forgo time with family, and work nights and weekends to review and get documents to experts that should have been produced in 2020. It has impacted the expert reports for which the Defendants have already paid.  It introduces new layers into the Plaintiff's case that were unmentioned or undeveloped. It has transparently resulted from the Plaintiff's post-deposition desire to "fill in" exposed holes in her case. The new documents challenge the claim and assertions in the present matter and reduce the amount of actual damages suffered.

For reasons set forth above and to be more fully explained at hearing, the Defendants request that the Court intervene to impose appropriate sanctions upon the Plaintiff.

Khan Johnson LLC
413 W 14th Street• 2nd Floor • New York, NY 10014
Phone 202-810-2399 • Fax 202-478-2399
info@khanjohnson.com • khanjohnson.com



Very Truly Yours,


/s/ Murad Michael Khan
Murad Michael Khan, Esq.
Khan Johnson LLC
413 W 14th Street
2nd Floor
New York, NY 10014
202-810-2399
mkhan@khanjohnson.com
Attorneys for the Defendants

> A telephone conference to discuss the issues Defendants raise in their Letter-Motion at ECF No. 109 is scheduled for **Wednesday, October 27, 2021 at 2:00 pm** and will take place on the Court's conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time. Per the Court's Individual Practices, Plaintiff shall respond to Defendants' Letter-Motion by **October 22, 2021**.
>
> SO ORDERED     10/20/2021
>
> SARAH L. CAVE
> United States Magistrate Judge

Khan Johnson LLC
413 W 14th Street• 2nd Floor • New York, NY 10014
Phone 202-810-2399 • Fax 202-478-2399
info@khanjohnson.com • khanjohnson.com

4