UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYDNEY HYMAN,

                         Plaintiff,

        -v-                                              CIVIL ACTION NO.: 19 Civ. 10506 (AT) (SLC)

ANDREW FABBRI and JESSICA COHEN,                         **ORDER**

                         Defendants.

**SARAH L. CAVE**, United States Magistrate Judge.

At the discovery conference held on October 27, 2021, Plaintiff's counsel advised the Court that Plaintiff intends to voluntarily discontinue certain claims asserted in this action.  (ECF minute entry Oct. 27, 2021).  The Court directed Plaintiff to "file a stipulation of dismissal, addressed to the Honorable Analisa Torres, as to any claims that Plaintiff seeks to voluntarily discontinue."  (ECF No. 112 at 2).  On November 1, 2021, Plaintiff filed a stipulation of partial dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), voluntarily discontinuing (i) all claims against defendant Jessica Cohen and (ii) her claims for emotional distress and physical injury against defendant Andrew Fabbri (together with Cohen, "Defendants").  (ECF No. 113 (the "Stipulation")).  The Stipulation provides that the dismissals are "with prejudice, with each party to bear his or her own costs."  (ECF No. 13 ¶ 4 ("Paragraph 4")).  On November 2, 2021, the Clerk of Court notified Plaintiff that the Stipulation was deficient because it was not signed by Defendants.  (ECF entry Nov. 2, 2021).  Defendants subsequently advised the Court that they refuse to sign the Stipulation unless Plaintiff "remove[s] the portion of Paragraph 4 that effectively waived [their] rights to seek fees or costs should they so decide."  (ECF No. 115 at 2).

In response, Plaintiff argues that "[t]here is no basis for a shifting of costs and such a request by Defendants to remove such language [in Paragraph 4] is inappropriate."  (ECF No. 117 at 1).

"Federal Rule of Civil Procedure 41(a)(2) provides that, once a defendant has answered, absent the defendant's consent, 'an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.'"  Lan v. Time Warner, Inc., No. 11 Civ. 2870 (AT) (JCF), 2016 WL 554588, at *1 (S.D.N.Y. Feb. 9, 2016) (quoting Fed. R. Civ. P. 41(a)(2)). Here, Defendants have already filed an answer (ECF No. 70), and they refuse to sign the Stipulation as written.  (ECF No. 115 at 2).  As a result, unless the parties can resolve their dispute concerning Paragraph 4, Plaintiff may discontinue her claims only with the Court's approval.  See Fed. R. Civ. P. 41(a)(1)–(2).

Accordingly, if she intends to voluntarily discontinue her claims without Defendants' consent, Plaintiff shall file a motion under Fed. R. Civ. P. 41(a)(2) in accordance with Judge Torres' Individual Practices.

Dated:       New York, New York
             November 2, 2021

SO ORDERED.

_____

**SARAH L. CAVE**
**United States Magistrate Judge**