UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――X
SYDNEY HYMAN,

                                  Plaintiff,

    -against-

ANDREW FABBRI and JESSICA COHEN a/k/a
JESSICA FABBRI,

                                Defendants,
―――――――――――――――――――――――――X

Case No: 19-cv-10506
(AT)(SLC)

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel to the parties hereto, as follows:

1. This Confidentiality Stipulation and Protective Order ("Order") governs the handling of all documents, images, testimony and other information, including all copies, excerpts and summaries thereof, that is produced or obtained pursuant to the Court's discovery process in this action (collectively, "Material").

2. The term "Designating Party" as used herein shall mean the person who produces the Material. The Designating Party shall have the right to designate any Material as "confidential" to the extent that it believes in good faith that such Material constitutes, contains or would disclose proprietary business information, intellectual property, a trade secret, financial information of an individual (including but not limited to social security numbers, dates of birth, tax returns, bank records, financial institution and accounting records), artwork, a design (including but not limited to works in progress and source materials for works of art and design), or other commercial or financial information that is otherwise not publicly available and the

1

confidentiality of which is either competitively significant or protective of personal privacy ("Confidential Material").

3. The restrictions and obligations set forth herein relating to Confidential Material shall not apply to any information that: (a) is already public knowledge or otherwise in the public domain, (b) has become public knowledge or enters the public domain other than as a result of a disclosure in violation of this Order or (c) has come or shall come into a Receiving Party's legitimate possession from sources other than the Designating Party and the Receiving Party is not aware that the information was obtained in violation of a court order or confidentiality agreement applicable to the Material. Nothing contained herein shall preclude the use of any Confidential Material in, or in opposition to, any motion filed with the Court so long as the procedures for filing materials under seal are observed.

4. Confidential Material shall be designated as follows:

a. In the case of documents, designation shall be made by placing the legend "confidential" on each page of such documents prior to production. If the document is not in paper form, the Designating Party shall use other such reasonable means as necessary to identify clearly the document or information or the computer folder in which it is provided as "confidential".

b. In the case of depositions, designation of the transcript or the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel of record within ten (10) days after receipt of the transcript of the deposition. Pending the expiration of such ten-day period, transcripts shall be treated as Confidential Material in their entirety. If a confidential designation is made, the court reporter shall be directed to place all portions of the transcript designated as

"confidential" and any exhibits designated as "confidential" in a separate volume of the transcript and to place a legend on the cover of that separate transcript indicating that it contains "confidential" information subject to a protective order (the parties may modify this procedure for any particular deposition through an agreement placed on the record at such deposition, without further order of the Court).

All pleadings, motions or other papers filed with the Court that contain Confidential Material shall be filed and served in paper form without redaction and kept under seal until further order of the Court. At the time of paper filing or service, such material shall be placed in a sealed envelope, which shall be marked with the title of the action and a description of the contents (e.g., Deposition of John Doe). The envelope shall also bear the following legend:

<u>CONFIDENTIAL</u>

This envelope contains documents that are subject to an order governing discovery and the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened nor the contents thereof displayed or revealed except by order of the Court.

5. If any party objects to the designation of any Material as Confidential Material, such party shall state all objections in a letter to counsel for the Designating Party. The parties shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved within five (5) business days by agreement, the parties shall cooperate in jointly and promptly submitting the dispute to the Court for resolution. The Designating Party shall bear the burden of proving that the document in question is confidential and that the interests in preserving confidentiality outweigh the interests in not doing so. If the parties cannot resolve their objections within the time specified, the parties shall be free to seek the assistance of the Court. Until an

objection has been resolved by agreement of counsel or by order of the Court, the Material shall be treated as Confidential Material and subject to this Order.

6. Any person receiving Confidential Material subject to this Order, including but not limited to attorneys, paralegals, assistants, staff, experts, consultants, the Defendant Andrew Fabbri, etc., is required to execute the "Acknowledgement of Confidentiality Stipulation and Protective Order" " in the form annexed hereto as **Exhibit A**. A copy of the Acknowledgement of Confidentiality Stipulation and Protective Order executed by any such party receiving Confidential Material subject to this Order shall be provided to all counsel in this matter prior to any Confidential Material being made available to such person.

7. Confidential Material shall be used only in this action (including any appeals), or in any arbitrations or mediations resulting from or involving the issues raised in this action, and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except:

      a. counsel of record in this action, and attorneys, paralegals and other support staff employed by such counsel;

      b. the parties in this action, including officers, directors and employees deemed necessary to aid counsel in conducting this action;

      c. outside attorneys who are retained by a Receiving Party and who are assisting in connection with this action and who are actually performing services directly related to this action;

      d. witnesses (and their counsel) at any deposition or trial in this action, or in preparation for such deposition or trial;

      e. the Court, court personnel and the jury in this action;

    f. court reporters and court-licensed or court-approved videographers employed in connection with this action;

    g. experts or consultants (and employees of such experts or consultants) retained or consulted by the parties; and

    h. persons not covered above who counsel of record reasonably believe may possess information relevant to the prosecution or defense of this action and who may be potential witnesses to this matter, including without limitation, authors, recipients or individuals copied on any Confidential Material; and

    i. Arbitrators and mediators selected by the parties to an arbitration or mediation or appointed by the court;

  8. Each person, excluding counsel of record, the Court, court personnel and the jury, being given access to Confidential Material pursuant to Paragraph 6, shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, (ii) and (iii) that the violation of the terms of the Order may constitute contempt of a court order.

  9. In the event that any person not named in Paragraph 6 requests the disclosure of Confidential Material, the person receiving such request (the "Receiving Party") shall give notice in writing to counsel for the Designating Party immediately. It shall be the obligation of the Designating Party to obtain a court order to preclude or restrict production of any Confidential Material requested pursuant to a subpoena or other compulsory process. In the event that the Designating Party advises the Receiving Party within five (5) business days that it intends to promptly move for such an order, and so moves before the return date on a subpoena or other compulsory process, the Receiving Party shall not produce or divulge the contents of any

Confidential Material until such motion is resolved or until otherwise directed to do so by a court or arbitrator.

10. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this action, including any appeals. The Court retains jurisdiction to enforce or modify this Order. At the conclusion of this action, by settlement or final non-appealable order (the "Conclusion of the Action"), the parties upon request of the Designating Party shall promptly destroy all Confidential Material produced by the Designating Party, and, copies thereof, provided that each party may retain, subject to the continuing terms and conditions of this Order, deposition testimony, trial, arbitration or hearing testimony, and exhibits and full copies of all papers filed or submitted to the Court or arbitrator. The Designating Party shall have the right at the Conclusion of the Action to seek an order from the Court removing any Confidential Material or Pleadings, Motions or other papers filed with the Court containing or referring to Confidential Material from the Court files. Nothing in this Order precludes any party from opposing such a request.

11. If, at any time after producing a document or information, the Designating Party determines that certain Material should have been designated as "confidential," the Designating Party shall promptly provide a replacement copy of the Material bearing a "confidential" designation to the Receiving Party, at which time the Material will be deemed "confidential." The Receiving Party shall promptly return the undesignated Material (and all copies thereof) to the Designating Party after receiving the replacement copy unless the undesignated Material has previously incorporated into documents and reports, filed with the Court or otherwise made public. Where the undesignated Material subsequently designated "confidential" has been previously incorporated into another document or report, but not filed with the Court or otherwise made public, the portion of the report or document incorporating such

6

material need not be returned but shall be designated "confidential" or otherwise placed under seal in accordance with this Order.

12.     Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.  If, after producing a document or information, a Designating Party discovers that certain Material was inadvertently produced and was properly subject to protection under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege, the Designating Party shall provide written notice to the Receiving Party.  The Receiving Party shall immediately return the Material to the Designating Party, but may reserve the right to challenge the assertion of the privilege on waiver or other ground; provided that if the Receiving Party expects in good faith to challenge the assertion of privilege, the Receiving Party may retain the Material and use it solely for purposes of presenting its challenge until the Court rules on its challenge.

13.     This Order may be modified by written agreement of the affected parties without further order of the Court.

Dated: January 24, 2022

HARRINGTON, OCKO & MONK, LLP

By: _____
Kevin J. Harrington

*Attorneys for Plaintiff*
81 Main Street – Suite 215
White Plains, New York 10601
(914) 686-4800
kharrington@homlegal.com

KHAN JOHNSON LLC

By: _____
Murad Michael Khan
*Attorneys for Defendant*
413 W 14th Street
2nd Floor
New York, NY 10014
202-810-2399
mkhan@khanjohnson.com

| | |
|---|---|
| HARRINGTON, OCKO & MONK, LLP | KHAN JOHNSON LLC |
| By: _____<br>Michael W. Freudenberg<br>*Attorneys for Plaintiff*<br>81 Main Street – Suite 215<br>White Plains, New York 10601<br>(914) 686-4800<br>mfreudenberg@homlegal.com | By: _____<br>Aglaia Davis<br>*Attorneys for Defendant*<br>413 W 14th Street<br>2nd Floor<br>New York, NY 10014<br>202-810-2399<br>adavis@khanjohnson.com |

SO ORDERED:   1/25/2022

_____
SARAH L. CAVE
United States Magistrate Judge

8

| HARRINGTON, OCKO & MONK, LLP | KHAN JOHNSON LLC |
|---|---|
| By: _____<br>Michael W. Freudenberg<br>*Attorneys for Plaintiff*<br>81 Main Street – Suite 215<br>White Plains, New York 10601<br>(914) 686-4800<br>mfreudenberg@homlegal.com | By: *[signature]* Aglaia Davis<br>Aglaia Davis<br>*Attorneys for Defendant*<br>413 W 14th Street<br>2nd Floor<br>New York, NY 10014<br>202-810-2399<br>adavis@khanjohnson.com |

SO ORDERED:

_____
SARAH L. CAVE
United States Magistrate Judge

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
SYDNEY HYMAN,

                                        Plaintiff,                Case No:
                                                                         19-cv-10506 (AT)(SLC)
          -against-

ANDREW FABBRI and JESSICA COHEN a/k/a
JESSICA FABBRI,

                                        Defendants,
---------------------------------------------------X

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

      The undersigned hereby acknowledges that he/she has read the Confidentiality Stipulation and Protective Order ("Protective Order") dated January 14, 2022 in the above captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relation to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Protective order solely for the purposes of the above-caption action, and not to disclose any such Confidential Information to any other person, firm or concern.

      The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Home Address: _____


Date: _____                   _____
                                                                                   Signature