UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYDNEY HYMAN,

           Plaintiff,

-against-

ANDREW FABBRI,

           Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/3/2022__

19 Civ. 10506 (AT)

**ORDER TO SHOW CAUSE**

ANALISA TORRES, District Judge:

    Plaintiff Sydney Hyman brings this action against Defendant Andrew Fabbri alleging state law causes of action and seeking damages in excess of $75,000. Am. Compl., ECF No. 1-1. Because there are no federal claims at issue, the Court only has subject-matter jurisdiction over this action by virtue of diversity of citizenship between the parties. *See* Notice of Removal ¶ 13, ECF No. 1.

    "Federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Further, jurisdictional issues "may be raised at any time" in the course of litigation. *See id.* at 434. Therefore, the Court must ensure diversity exists such that the Court has subject-matter jurisdiction over this case. "Where removal is predicated upon diversity, a case is not removable unless the parties were diverse not only at the time removal is sought but at the time the state court complaint was filed." *Vasura v. Acands*, 84 F. Supp. 531, 536 (S.D.N.Y. 2000). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile . . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (citation omitted) (alterations in original).

    Plaintiff pleads that she was a resident, and therefore, a citizen, of New York when the complaint was filed. *See* Am. Compl. at ¶ 1; *see also* Notice of Removal ¶ 1. In removing the action, Defendant stated that he is "alleged to have leased or resided at 51 Greene Street, New York, NY 10013, 6th Floor, and [is a] citizen[] of the State of New Jersey." Notice of Removal ¶ 2. However, Defendant does not state that he was a citizen of the State of New Jersey at the time the initial complaint was filed on September 6, 2019.

    Accordingly, by **June 8, 2022**, Defendant shall file a letter detailing explaining the basis for the Court's jurisdiction over this action, with specific reference to his state of domicile at the time the initial complaint was filed. Further, the case management conference scheduled for June 8, 2022, is ADJOURNED *sine die*.

    SO ORDERED.

Dated: June 3, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge