UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYDNEY HYMAN,<br><br>          Plaintiff,<br><br>     -v.-<br><br>ANDREW FABBRI,<br><br>          Defendant. | 19 Civ. 10506 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

  On April 16, 2024, the Court directed the parties to file, among other pretrial materials, a "proposed pretrial order, as described in Rule 7.A of the Court's Individual Rules and Practices in Civil Cases, by April 30, 2024." ECF No. 186 at 1 (emphasis omitted). Rule 7.A provides, *inter alia*, that the parties' pretrial order must be "joint" and must include "[a] list of all proposed exhibits for each party's case-in-chief," including any objections to those exhibits, *see, e.g.*, Indiv. Rule 7.A.xii. Furthermore, the Court's Rules "strongly encourage[]" the parties "to resolve disputes relating to exhibits prior to trial." *Id.* at 7.F.

  Contrary to those and other directives, beginning at 9:00 p.m. on the April 30 deadline and in the days that followed, the Court received a flurry of scattershot submissions—filed separately by Plaintiff and Defendant—relating to the proposed pretrial order. Those filings consisted of **(1)** an ostensibly "joint" proposed pretrial order which failed to include a coherent, *consolidated* list of the parties' proposed exhibits and objections, *see* ECF No 194; **(2)** numerous "appendices" containing significantly discrepant versions of the parties' proposed exhibit lists and objections thereto, ranging anywhere from approximately 200 exhibits without any objections, to upwards of a thousand exhibits with hundreds of objections, *see* ECF Nos. 194-1, 194-2, 194-3, 199, 201, 202; and **(3)** multiple letters (with a slew of attachments), reflecting

myriad disputes and an apparent failure to confer in good faith as per the Court's Rules, *see* ECF Nos. 189, 189-1, 189-2, 189-3, 189-4, 189-5, 189-6, 198, 200, 200-1, 200-2.

In light of the foregoing and other deficiencies, the Court hereby ORDERS as follows:

- By **no later than Thursday, May 16, 2024 at 12:00 p.m.**, the parties shall file a revised proposed joint pretrial order that fully complies with the Court's Individual Rules and with the directives below.

- The parties' revised proposed pretrial order must include a ***single***, streamlined list of all proposed exhibits for each party's case-in-chief and any objections thereto. *See* Indiv. Rule 7.A.xii.  Specifically, the list must set forth (1) the exhibit number; (2) a description of the exhibit; (3) the purpose for which the exhibit, if admitted, would be offered; (4) the specific page/Bates number(s) to be proffered; and (5) any objections to the exhibit including, *inter alia*, "the grounds for the objection, with citations to the Federal Rules of Evidence and any other authority (with any objections not made being deemed waived)." *Id.*; *see also id.* (specifying additional requirements for any objections that a party wishes the Court to consider).

- The parties will not be permitted to overwhelm the jury with hundreds, if not thousands, of exhibits (not to mention nearly 350 deposition designations).  Prior to submitting their revised proposed pretrial order, counsel are directed to meet and confer for at least two hours in person, by telephone, or by videoconference to reduce the number of proposed trial exhibits to a maximum of 100 per party and to shorten their extensive lists of deposition designations.[1]  The Court surmises that many of the proposed exhibits could be eliminated if the parties agree to certain stipulations, and the parties are to reduce their respective exhibit lists with that in mind.  *See* Indiv. Rule 7.A.ix (providing that the proposed joint pretrial order shall include "[a]ny stipulations of fact or law on which the parties have agreed," and "the parties should memorialize any such stipulations or agreed statements of fact or law in a standalone document that can be marked and admitted at trial").

- During the aforementioned meet and confer, the parties also must work to resolve any objections to exhibits and deposition designations.  Counsel are urged to stipulate to the foundation for all exhibits as to which authenticity is not questioned: Trial should not be wasted on time spent eliciting unnecessary foundation testimony, and any such time will count toward the time limits that the Court will impose at the final pretrial conference.

---

[1] The parties will not be permitted to introduce deposition designations for any witness who is required to or who will otherwise be testifying in person, other than for impeachment and other purposes permitted under the applicable rules.

- - The parties shall submit (1) by **Thursday, May 16, 2024 at 12:00 p.m.**, "a digital copy of exhibits and demonstrative aids that they intend to use in their case in chief at trial, as well as an index," *see* Indiv. Rule 7.G; and (2) by **Wednesday, May 22, 2024 at 4:00 p.m.**, "hard copies of their exhibits," [2] *see id.* Those materials must comport with Rule 7.G; must be fully consistent with the exhibit list in the revised proposed pretrial order, *see supra*; and must **not** include unnecessary "duplicates," improperly inserted "blank pages," or any other defects, *see, e.g.*, ECF No. 198 at 2.

- - In addition to the foregoing, the parties must ensure that all other aspects of their revised proposed pretrial order comply with the Court's Individual Rules. *See, e.g.*, ECF No. 194 at 11-14 (both parties failing to indicate, as required under Rule 7.A.x, whether the enumerated trial witnesses "will testify in person or by deposition, [and] whether such witnesses will require an interpreter (and, if so, which party will pay the costs for the interpreter)").

- - The parties have had two-and-a-half months to prepare their pretrial submissions, including with the benefit of several adjournments at the parties' request. *See* ECF Nos. 175-178, 183, 186. The deadlines herein are firm.

- - In view of the numerous corrective measures that must be taken before the final pretrial conference, the conference is adjourned to **Wednesday, May 22, 2024 at 2:00 p.m.**

The Clerk of Court is directed to terminate ECF No. 189.

SO ORDERED.

Dated: May 11, 2024
      New York, New York

 

                                                                          JENNIFER H. REARDEN
                                                                          United States District Judge

---

[2] The materials must be *received in Chambers* by Wednesday, May 22, 2024 at 4:00 p.m.