

81 Main Street, Suite 215 | White Plains, NY 10601
Tel: 914.686.4800 | Fax: 914.686.4824

KEVIN J. HARRINGTON, PARTNER
kharrington@homlegal.com

May 16, 2024

<u>Via ECF</u>
Hon. Jennifer H. Rearden
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

  Re: Sydney Hyman v. Andrew Fabbri
    <u>Case No. 19-civ. 10506 (JHR)</u>

Dear Judge Rearden:

  We write as counsel to Plaintiff Sydney Hyman ("Plaintiff") in the above-referenced action.

  Pursuant to Rule 7.G(iii) of the Court's Individual Rules and Practices in Civil Cases, Plaintiff is filing this letter grouping objections to the Defendant's Proposed Exhibits set forth in Appendix B into 5 categories.  This is necessary because there are too many such exhibits to make discussion of each exhibit practical at the final pretrial conference scheduled for May 22, 2024.

  **Category 1 Objections:**  This category relates to claims that Plaintiff has previously withdrawn in the litigation.  Specifically, by Stipulation of Partial Dismissal filed on November 22, 2021 [Document 120], Plaintiff voluntarily dismissed all her emotional distress and personal injury claims against Defendant Andrew Fabbri, and dismissed all of Plaintiff's claims against Defendant Jessica Cohen a/k/a Jessica Fabbri.  By correspondence dated April 3, 2024 from the undersigned to Defendant's counsel, Plaintiff advised opposing counsel that Plaintiff had discontinued her "patent claim" consisting of damages related to the impact which the fire had on her ability to prosecute and commercialize various patents that she has.  Examples of proposed exhibits relating

to claims that have been withdrawn are D-21 and D-72 (withdrawn emotional distress and personal injury claim) and D-82 (Defendant's patent expert report evaluating Plaintiff's patent claim that has been withdrawn).

**Category 2 Objections:** The objections in this category relate to a 2013 loss at Plaintiff's residence where there was a roof leak that caused water damage in the condominium and Plaintiff asserted a claim for damages to her insurer (State Farm). There is very little overlap between the items that were damaged in 2013 and again as a result of the 2016 fire. As to the damaged personal property items where there is overlap, it should not be relevant whether Plaintiff did or did not repair damaged items from the 2013 water leak or that Plaintiff's independent adjuster included certain contents on the 2013 and 2016 State Farm claim. Finally, the time and money that State Farm paid for Plaintiff to stay in a hotel after the 2013 loss is in no way relevant to the issues to be tried in this case. Examples D-30 which relates to communications Plaintiff had with State Farm re the 2013 claim including payment or apartment rental expenses and hotel food items. Another example is D-13 which is a sworn proof of loss from 2013 loss. Allowing into evidence documents relating to a loss three years prior to the claim at issue will be confusing for the jury, a waste of valuable trial time, and not relevant to the damages which are actually being claim relating to 2016 Fire..

**Category 3 Objections:** The objections in this category relate to Defendant marking as proposed trial exhibits complete deposition transcripts from the within action, as well as from another litigation related to the fire between the 51 Greene Street Condominium and its insurer, Admiral Insurance. Rule 7.A (xi) specifically requires each party to designate portions of the deposition transcript to be offered at trial, indicating same by color coded highlighting. The deposition transcripts that Defendant has included as proposed trial exhibits are not color coded to reference only the designated portions of the transcripts. Moreover, to the extent that Defendant

seeks to read portions of deposition testimony of witnesses that will be called at trial, Your Honor has already ruled on the parameters when deposition transcripts can be utilized at trial. Examples can be found at D-57 (Plaintiff's deposition transcript) and D-58 (Defendant's deposition transcript).

**Category 4 Objections:** Since our May 6, 2024 correspondence to Your Honor, Defendant has provided copies of the proposed deposition exhibits. As a result, Category 4 has been withdrawn and is no longer a category objection of Plaintiff on Appendix B.

**Category 5 Objections:** Documents in this category include proposed exhibits submitted by Defendant that no not relate to any claims or damages in this lawsuit. Such category also includes Court scheduling Orders, correspondence to Magistrate Judge Cave re discovery issues, and other Court filings that are not properly treated as a trial exhibit. Examples include D-12 (Property taxes which Plaintiff is not seeking as damages), D-80 (document production communications between counsel), D-81 (Walgreen's receipt for ziplock bags that Plaintiff is not seeking reimbursement for in this action), and D-50 (a 521-page exhibit that appears to be a merging of numerous prior exhibits that includes numerous documents relating to damages claims that are not in this lawsuit and/or relating to the 2013 State Farm claim.

We look forward to discussing these issues at the final pre-trial conference scheduled for Monday May 22, 2024 at 2:00 pm. Thank you for your kind attention to this matter.

Sincerely yours,

s/

Kevin J. Harrington

cc: Counsel for Record, via ECF