UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYDNEY HYMAN,

                Plaintiff,

-v.-

ANDREW FABBRI,

                Defendant.

19 Civ. 10506 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

Despite several warnings, the parties' pretrial submissions fail to comply with the Court's May 11, 2024 Order and Individual Rules and Practices in Civil Cases, including, among other issues, as follows:

- The Court's May 11 Order directed the parties to "to indicate, as required under Rule 7.A.x, whether the enumerated trial witnesses 'will testify in person or by deposition, [and] whether such witnesses will require an interpreter (and, if so, which party will pay the costs for the interpreter).'" ECF No. 208 at 3 (alterations in original) (quoting Indiv. Rule 7.A.x). The parties have not done so. By **Wednesday, May 22, 2024 at 1:00 p.m.**, the parties must file a revised proposed pretrial order (the "Second Revised Proposed Pretrial Order") with the required information.

- In submitting the Second Revised Proposed Pretrial Order, the parties must submit a redline in compliance with Rule 7.D. *See* Indiv. Rule 7.D ("Any amended or corrected filing . . . shall be filed with a redline showing all differences between the original and revised filing."). Specifically, the parties are to submit (1) a redline comparing the Second Revised Proposed Pretrial Order with the Revised Proposed Pretrial Order filed on May 16, 2024 (ECF No. 212); *and* (2) a redline comparing the Second Revised Proposed Pretrial Order with the parties' initial Proposed Pretrial Order filed on April 30, 2024 (ECF No. 194).

- The Court's May 11 Order directed both parties to submit, in accordance with Rule 7.G, "a digital copy of exhibits and demonstrative aids that they intend to use in their case in chief at trial." ECF No. 208 at 3 (quoting Indiv. Rule 7.G). Defendant has failed to do so.[1] By **Wednesday, May 22, 2024 at 11:59 p.m.**,

---

[1] The Court is in receipt of Defendant's spreadsheet individually hyperlinking to each exhibit. That spreadsheet, however, does not fully comply with Rule 7. The parties' exhibits must be submitted to the Court in *several* specified formats. *See, e.g.*, Indiv. Rule 7.G (requiring the parties to submit "*a digital copy of exhibits* and demonstrative aids that they intend to use in

- Defendant must upload digital (PDF) copies of his proposed exhibits, using the link provided by the Court on May 10, 2024. Defendant must ensure that **all** exhibits are properly uploaded and accurately labeled. *Cf.*, *e.g.*, Def.'s May 16, 2024 Spreadsheet, Row 217 (erroneously hyperlinking to Exhibit 40 instead of Exhibit 41).

- The Court's May 11 Order directed the parties to "file a revised proposed joint pretrial order that ***fully complies*** with the Court's Individual Rules and with the directives [set forth in the May 11 Order]." ECF No. 208 at 2 (emphasis added). The parties apparently have taken the Court's Order as an unauthorized opportunity to make substantive modifications in the Second Revised Proposed Pretrial Order—well past the deadline imposed. The Court will not accept any modifications other than those expressly specified in the May 11 Order.

- On May 16, 2024, Defendant unilaterally submitted a so-called "updated version of the Parties' Proposed Jury Instructions and Verdict Sheet," purportedly reflecting "a few updates" to the parties' April 30 joint submissions. *See* ECF No. 215 at 1. The "updated" submissions—filed belatedly, in contravention of the Court's Rules, and (despite Defendant's contentions) not compelled by "[t]he Court's reasoning for the May 11 Order," *id.*—are rejected.

- The parties must comply with all deadlines and other directives set forth above and in the May 11 Order, as well as with the Court's Individual Rules and Practices in Civil Cases. Failure to do so **may result in sanctions, including the preclusion of evidence, claims, or defenses and/or dismissal of this action**.

SO ORDERED.

Dated: May 21, 2024
New York, New York

                                                       _____
                                                      JENNIFER H. REARDEN
                                                      United States District Judge

---

their case in chief at trial, ***as well as*** . . . . [an] index [] on an Excel spreadsheet in native format, with hyperlinks to the exhibits" (emphases added)).